74645. PAUL v. PAUL.
(361 SE2d 221)

POPE, Judge.

Appellant mother and appellee father were divorced on June 4, 1985. The final decree, issued on April 29, 1986, awarded custody of the couple's minor children to the mother with visitation privileges to the father. In August 1986 the mother and the two minor children moved to Indiana. The father filed a "Petition for Contempt for Denial of Visitation Rights" on October 22, 1986, and personal service was perfected in Indiana on the mother on October 27, 1986.

The mother answered and filed a motion to dismiss in which she asserted that the trial court lacked personal jurisdiction over her based on both her nonresidency and lack of proper service. The trial court denied the motion to dismiss and, relying on OCGA § 9-10-91 (5) and *Smith v. Smith*, 254 Ga. 450 (330 SE2d 706) (1985), held that it did have personal jurisdiction over the mother for purposes of the contempt petition. The mother obtained a certificate of immediate review and we granted her interlocutory application on February 12,

1987. On appeal the mother argues that OCGA § 9-10-91 (5) is inapplicable to the proceedings sub judice and thus the trial court erred in denying her motion to dismiss. *Held*:

We agree with appellant mother that OCGA § 9-10-91 (5) did not provide a basis for personal jurisdiction in the present case. "The courts of this state have no extra-territorial jurisdiction, and cannot make the citizens of foreign states amenable to their process, or conclude them by a judgment in personam, without their consent. . . . Therefore, although the superior court rendering a decree in a divorce action retains exclusive jurisdiction to enforce the provisions therein relating to custody of the minor children of the parties by attachment for contempt, even where subsequent to the rendition of the order the party sought to be adjudged in contempt has removed his or her residence to another jurisdiction, nevertheless, in order for the court to bind nonresidents by its judgments in personam there must be *personal service or waiver of personal service* upon such nonresidents. . . . Although the cases requiring personal service do not specify that this must be personal service *within Georgia,* a close inspection of these cases reveals this to be the case. Thus, personal service outside Georgia here was not valid. . . . [Moreover,] the Georgia Long-Arm Statute (OCGA § 9-10-91 (5)) would not give the Georgia court jurisdiction, because this was not a proceeding for alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents, so personal service outside Georgia would not give the Georgia court jurisdiction under OCGA § 9-10-94." (Citations, punctuation and indention omitted.) *Ashburn v. Baker,* 256 Ga. 507, 509 (350 SE2d 437) (1986).

However, we agree with appellee father that jurisdiction and service over the mother were proper under the provisions of the Uniform Child Custody Jurisdiction Act, OCGA § 19-9-40 et seq. First we note that the father's petition for contempt for visitation clearly comes within the purview of the UCCJA. See *Ashburn,* 256 Ga. at 508, supra; *Baker v. Ashburn,* 179 Ga. App. 757, 759 (347 SE2d 660) (1986). Moreover, it is clear to us that at the time this action was instituted Georgia was the "home state" of the minor children. See OCGA §§ 19-9-42 (5); 19-9-43 (a) (1) (A) and (B); *Harper v. Landers,* 180 Ga. App. 154, 156-157 (348 SE2d 698) (1986). (Cf. *Baker,* 179 Ga. App. 757, supra, in which the minor child had resided in Florida for over 2½ years at the time the father instituted his action in Georgia.) Accordingly, the trial court did not err in denying the mother's motion to dismiss.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

*H. William Sams, Jr.,* for appellant.
*John L. Creson,* for appellee.