A95A1875. RUCKSTUHL v. CORLEY.
(462 SE2d 795)

BLACKBURN, Judge.

Theressa Ruckstuhl appeals the trial court's determination that personal jurisdiction over her was proper in the underlying action for contempt and modification of visitation rights brought by Thomas Garrett Corley.

The undisputed facts show that the parties are the natural biological parents of a minor female child, born on September 3, 1986. By virtue of a Judgment and Decree entered February 12, 1992, in the Superior Court of Chatham County, Ruckstuhl was awarded primary physical custody, and Corley was awarded visitation rights. On May 4, 1994, Corley filed the underlying action in Chatham County Superior Court. At that time, Ruckstuhl and the minor child were residents of New York. Ruckstuhl was served with a copy of Corley's action by regular mail and by certified mail return receipt requested. Corley's further attempt to perfect personal service upon Ruckstuhl was unsuccessful as Ruckstuhl resides on a restricted military post on Governor's Island, New York.

This case is controlled by the Georgia Supreme Court's decision in *Ashburn v. Baker*, 256 Ga. 507 (350 SE2d 437) (1986), which affirmed our decision in *Baker v. Ashburn*, 179 Ga. App. 757 (347 SE2d 660) (1986). On virtually indistinguishable facts, the Supreme Court reiterated the limited circumstances in which citizens of other states may be bound by a Georgia judgment. "[A]lthough the superior court rendering a decree in a divorce action retains exclusive jurisdiction to enforce the provisions therein relating to custody of the minor children of the parties by attachment for contempt, even where subsequent to the rendition of the order the party sought to be adjudged in contempt has removed his or her residence to another jurisdiction, nevertheless, in order for the court to bind nonresidents by its judgments in personam there must be *personal service or waiver of personal service* upon such nonresidents. [Cits.] Although the cases requiring 'personal service' do not specify that this must be personal service *within Georgia*, a close inspection of these cases reveals this to be the case." (Punctuation omitted; emphasis in original.) *Ashburn*, 256 Ga. at 509. The court held that personal service executed outside Georgia was not valid. Id. Therefore, in the present case, which concerns service outside Georgia by mail, the trial court erred in deter-

mining that service was proper.[1]

The trial court further erred in determining it could exercise jurisdiction over Corley's request for modification of visitation. Although the court maintained jurisdiction over a contempt proceeding, see *Daily v. Dombroski*, 250 Ga. 236 (297 SE2d 246) (1982), pursuant to the "Uniform Child Custody Jurisdiction Act (UCCJA), OCGA § 19-9-40 et seq., jurisdiction for modification of child custody matters, which include visitation, is in the home state of the child." *Kemp v. Sharp*, 261 Ga. 600, 601 (409 SE2d 204) (1991). Corley's reliance upon this Court's decision in *Paul v. Paul*, 184 Ga. App. 217 (361 SE2d 221) (1987) is misplaced because in *Paul*, the "home state" of the minor children was Georgia. In the present case, the "home state" of the minor child is New York. Therefore, pursuant to the UCCJA, New York would have jurisdiction over the portion of this action for modification of visitation.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 3, 1995.

*Calhoun & Associates, Gregory N. Crawford*, for appellant.
*Robert S. Lanier*, for appellee.

---

[1] In a case pursuant to OCGA § 9-10-91 (5), i.e., a proceeding for "alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents," OCGA § 9-10-94 provides for personal service outside of Georgia.