## 28140. STRAUSS v. STRAUSS.

JORDAN, Justice. Appellant and appellee were married in 1946, three children being born of that marriage. They were divorced in DeKalb County, Georgia on September 16, 1966. The appellant continued to be a resident of Georgia until 1970 when he moved to Ohio and has continued to reside therein since that date. The record discloses that on July 17, 1972, the appellee filed her motion for contempt in DeKalb Superior Court alleging the failure of appellant to maintain certain insurance policies. On July 20, 1972, the appellant was personally served with copies of this complaint and summons at his home in Cleveland Heights, Ohio. Appellant then filed his motion to dismiss this contempt action because of the court's lack of personal jurisdiction over him. His motion was denied by the court on August 8, 1972, and he was held in contempt of court at that time. On August 10, 1972, the appellant obtained a certificate of immediate review and on that date filed his notice of appeal. The appellant abandoned that appeal, thus ending that case.

In December, 1972, the appellee filed another motion for contempt alleging that the appellant had failed and refused to provide the necessary funds for the college education of the children of the parties. Pursuant to his appointment by court order, James M. Santo personally served the appellant with a copy of this complaint on December 23, 1972, at his home in Cleveland Heights, Ohio. On January 10, 1973, the appellant filed his motion to dismiss, asserting lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. The case came on for hearing on January 16, 1973, and by an order entered April 18, 1973, the jurisdictional motion of the appellant was overruled. By an order of court dated April 17, 1973, the appellant was held to be in contempt of court with provisions therein whereby he might purge himself. The appellant filed this appeal alleging error in the overruling of his motion to dismiss on jurisdictional grounds and holding the appellant in contempt of court. *Held:*

The trial court erred in overruling the appellant's motions on jurisdictional grounds since it was undisputed that he was a nonresident of the State of Georgia at the time the contempt petition was filed and when service was made upon him in Cleveland Heights, Ohio. The appellee contends that the doctrine of collateral estoppel denies the appellant the right to contest

either the service made upon him or the jurisdiction of the Georgia courts, basing this contention on the fact that the appellant had previously been similarly served in the prior contempt action, had made a motion to dismiss that action for lack of jurisdiction, and had abandoned his appeal after such motion had been overruled. It is clear that the judgment made in the prior contempt action, unappealed from, became the law of that particular case. We cannot agree that the ruling therein made governs the law of this case, a separate contempt action based on different grounds,even though the action is between the same parties.

" 'The courts of this state have no extra-territorial jurisdiction, and cannot make the citizens of foreign states amenable to their process, or conclude them by a judgment in personam, without their consent. *Dearing v. Bank of Charleston,* 5 Ga. 497 (5); *Gates v. Shaner,* 208 Ga. 454 (67 SE2d 569), and cases cited.' *Slowik v. Knorr,* 222 Ga. 669, 671 (151 SE2d 726)." *Tuten v. Tuten,* 227 Ga. 228 (180 SE2d 233). After citing the above authorities this court went on to say: "Therefore, although the superior court rendering a decree in a divorce action retains exclusive jurisdiction to enforce the provisions therein relating to custody of the minor children of the parties by attachment for contempt, even where subsequent to the rendition of the order the party sought to be adjudged in contempt has removed his residence to another jurisdiction, nevertheless, in order for the court to bind nonresidents by its judgments in personam there must be personal service or waiver of personal service upon such nonresidents. *Kirchman v. Kirchman,* 212 Ga. 488, 492 (93 SE2d 685); *Sternbergh v. McClure,* 217 Ga. 278, 283 (122 SE2d 217); *Connell v. Connell,* 221 Ga. 379, 380 (144 SE2d 722); s.c., 222 Ga. 765 (1) (152 SE2d 567) (wherein the defendant was personally served); *Ogletree v. Watson,* 223 Ga. 618, 619 (158 SE2d 464) and cit. This requirement has not been changed by the enactment of the 1966 Civil Practice Act (Code Ann. Title 81A; Ga. L. 1966, p. 609 et seq.)."

The trial court having erred in overruling the appellant's motion to dismiss for lack of jurisdiction, further proceedings on the merits of the petition were nugatory.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 5, 1973 — REHEARING DENIED OCTOBER 25, 1973.

*Heyman & Sizemore, Robert E. Hicks, Gerald M. Edenfield,* for appellant.

*Haas, Holland, Levison & Gibert, R. C. Freeman, III, Westmoreland, Hall, Bryan, McGee & Warner, J. M. Crawford, Harry P. Hall, Jr.,* for appellee.