39326. DOWNEY v. DOWNEY.

MARSHALL, Presiding Justice.

The parties were divorced by the Clayton Superior Court in February of 1981. This citation for contempt was filed in that court by the former husband in January of 1982. However, at the time of the filing of the citation for contempt, the former wife was an Alabama resident. She was not personally served with the citation, nor did she enter a personal appearance waiving service. The superior court, nonetheless, conducted a hearing and then issued an order finding her in contempt of various provisions of the divorce decree. We granted her application to appeal. We reverse.

" ' "The courts of this state have no extra-territorial jurisdiction, and cannot make the citizens of foreign states amenable to their process, or conclude them by a judgment in personam, without their consent. *Dearing v. Bank of Charleston,* 5 Ga. 497 (5); *Gates v. Shaner,* 208 Ga. 454 (67 SE2d 569), and cases cited." *Slowik v. Knorr,* 222 Ga. 669, 671 (151 SE2d 726).' *Tuten v. Tuten,* 227 Ga. 228 (180 SE2d 233). After citing the above authorities this court went on to say: 'Therefore, although the superior court rendering a decree in a divorce action retains exclusive jurisdiction to enforce the provisions therein relating to custody of the minor children of the parties by attachment for contempt, even where subsequent to the rendition of the order the party sought to be adjudged in contempt has removed his residence to another jurisdiction, nevertheless, in order for the court to bind nonresidents by its judgments in personam there must be personal service or waiver of personal service upon such nonresidents. *Kirchman v. Kirchman,* 212 Ga. 488, 492 (93 SE2d

685); *Sternbergh v. McClure,* 217 Ga. 278, 283 (122 SE2d 217); *Connell v. Connell,* 221 Ga. 379, 380 (144 SE2d 722); s.c., 222 Ga. 765 (1) (152 SE2d 567) (wherein the defendant was personally served); *Ogletree v. Watson,* 223 Ga. 618, 619 (157 SE2d 464) and cit. This requirement has not been changed by the enactment of the 1966 Civil Practice Act (Code Ann. Title 81A; Ga. L. 1966, p. 609 et seq.).' " *Strauss v. Strauss,* 231 Ga. 248, 249 (200 SE2d 878) (1973).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 25, 1983.

*Jerry W. Holladay,* for appellant.
*J. Dunham McAllister,* for appellee.