### 40768. LEE v. PACE.

CLARKE, Justice.

The parties in this case were divorced in 1979 in Upson County, Georgia, and former wife (Mrs. Pace) was given custody of the children. In 1981 the final judgment and decree was modified to give custody to former husband (Mr. Lee). In 1983, Mrs. Pace brought the present action to obtain custody, child support, and payment of certain medical bills for the children who had, in fact, been living with her since 1982. Mr. Lee lives in Illinois, and after obtaining a court order, Mrs. Pace had him served by publication and certified mail. The trial court granted change of custody to Mrs. Pace and awarded her child support and certain medical expenses. We affirm.

There are several questions which must be answered:

(1) Does the 1983 amendment to Georgia's long arm statute, OCGA § 9-10-91 (5) (Code Ann. § 24-113.1) apply to the present case?

(2) If the long arm statute makes personal jurisdiction over nonresident former husband possible, was he properly served?

(3) If service was insufficient, did Mr. Lee waive any attack on personal jurisdiction and sufficiency of service by failure to raise these defenses in his answer or by motion as required by OCGA § 9-11-12(h) (Code Ann. § 81A-112)?[1]

1. In 1983 Georgia's long arm statute was amended to provide for exercise of personal jurisdiction over any nonresident who "[w]ith respect to proceedings for alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the

---

[1] We do not address the constitutionality of OCGA § 9-10-91 (5) (Code Ann. § 24-113.1) since that issue was neither raised nor argued.

commencement of the action, whether cohabiting during that time or not. This paragraph shall not change the residency requirement for filing an action for divorce." Ga. L. 1983, pp. 1304, 1305; OCGA § 9-10-91 (5) (Code Ann. § 24-113.1). By the clear language of this statute personal jurisdiction may be exercised over nonresident defendants in independent actions for support of dependents. A modification action for custody and child support is an independent action within the contemplation of the statute. Jurisdiction over defendant as to custody is present because of the presence of the child within the jurisdiction. OCGA § 19-9-43 (Code Ann. § 74-504). However, by appellant's own admission, the court's jurisdiction to determine custody is not in dispute.

2. Since we have determined that personal jurisdiction may be exercised over this defendant under the long arm statute as amended, the next question is whether service by publication with a copy mailed to defendant was sufficient. Service under the long arm statute is governed by OCGA § 9-10-94 (Code Ann. § 24-115), which provides that service under the long arm statute is the same as that for persons found within the state under the CPA § 4 (OCGA § 9-11-4 (Code Ann. § 81A-104)). OCGA § 9-11-4 (e) (Code Ann. § 81A-104) provides for service other than personal service, and OCGA § 9-11-4 (e) (1)(A) (Code Ann. § 81A-104) provides that when the person to be served resides outside the state and that fact appears, by affidavit, to the satisfaction of the judge or clerk, the judge or clerk may grant an order that service be made by publication. OCGA § 9-11-4 (e)(1)(C) (Code Ann. § 81A-104) provides that where the residence of a nonresident is known, the party obtaining the order shall advise the clerk, and it shall be the duty of the clerk to mail a copy of the complaint and notice to the party named in the order to his last known address. We find that appellant was properly served by publication combined with mailing of the notice and complaint by certified mail.

3. Even if appellant had not been properly served he has waived any defect in service due to his failure to raise the defenses of lack of personal jurisdiction and lack of sufficiency of process by either motion or an answer as required by OCGA § 9-11-12 (h)(1)(B) (Code Ann. § 81A-112). Not only did appellant fail to properly raise these matters, he failed to respond to a court order that he brief the question of jurisdiction after his attorney raised the issue orally before the court.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 15, 1984.

*Bridges, Connell & Snow, Richard T. Bridges, Eric D. Hearn,* for appellant.
*Bentley C. Adams III,* for appellee.