### 41509. DAVIS v. HUTTO.
(322 SE2d 277)

GREGORY, Justice.

The appellant, Robert Davis, was granted a divorce from his for-

mer wife, Joan, by a final judgment and decree rendered by the Camden Superior Court in August 1981. The appellee, J. S. Hutto, represented Joan Davis in the divorce action, and the final decree provided that appellant was to pay Hutto $15,500 in attorney fees. The attorney fees were not paid. In January 1983, appellant filed a petition for declaratory judgment against his former wife in Camden Superior Court contesting the validity of that portion of the final judgment and decree awarding appellee attorney fees. Appellee filed a motion to intervene as a defendant in the action and counterclaimed for contempt alleging the attorney fee award was valid and that appellant wilfully refused to pay the same. Prior to the hearing on appellee's motion, appellant and his former wife dismissed each of their respective actions against each other leaving as pending in the action appellee's motion to intervene and counterclaim. The trial court granted the motion to intervene. On November 11, 1983, the trial court heard appellee's motion for contempt and found appellant to be in wilful contempt and ordered him jailed until he purged himself by paying the attorney fee award plus court costs. In addition, appellant was ordered to pay $2,101 in interest by December 11, 1983 and $1,000 additional attorney fees to appellee by January 11, 1984. Appellant paid the $15,500 in attorney fees but not the interest or additional attorney fees.

On April 6, 1984, appellee filed a motion for contempt to recover the unpaid interest and additional attorney fees. Service of process was made by mail on appellant's attorney of record in the first contempt action, but not on appellant personally. Appellant filed a motion to dismiss for insufficiency of service of process. The trial court denied appellant's motion to dismiss finding the motion for contempt was part of a pending action, therefore, service upon appellant's attorney was sufficient. The trial court found appellant to be in wilful contempt and ordered him jailed until he purged himself by paying the unpaid sums he was previously ordered to pay plus accrued interest and an additional $1,000 in attorney fees. The appellant filed an application to appeal which this court granted.

The appellant contends the trial court erred in denying his motion to dismiss for insufficiency of service of process. We agree and reverse.

The issue in this appeal is whether there was any pending proceeding in the trial court. If so, notice of a subsequent motion could properly be served on the attorney of record in that pending proceeding. The first contempt action was concluded when the trial court entered its order of November 11, 1983, finding appellant in wilful contempt of a previous order to pay appellee attorney fees. This was a final adjudication of the first motion for contempt. Thus, the second motion was not filed in a pending action and service upon the attor-

ney in the former action was insufficient. *Moore v. Moore*, 229 Ga. 135 (189 SE2d 431) (1972). Appellee's reliance on our decision in *Austin v. Austin*, 245 Ga. 487 (265 SE2d 788) (1980) is misplaced. That case was expressly limited to its facts and unlike the case at bar, in *Austin*, supra, there was an action pending in the trial court when the subsequent action was served on the attorney of record in the pending action.

*Judgment reversed. All the Justices concur, except Smith, J., not participating.*

DECIDED NOVEMBER 16, 1984.

*J. Robert Morgan*, for appellant.
*Hutto & Palmatary, Karen M. Krider*, for appellee.