## 72344. BAKER v. ASHBURN.

(347 SE2d 660)

POPE, Judge.

Appellant mother and appellee father were divorced in Chatham County, Georgia in 1982. The final decree awarded custody of their minor child to the mother with visitation privileges to the father. In August of 1982 the mother moved from Georgia with the child. In April of 1985 the father brought an action in Chatham Superior Court against the mother, alleging that she was subject to the jurisdiction of the court and could be served at a certain address in Panama City, Florida. The mother was personally served by second original by the Sheriff of Bay County, Florida.

The complaint in the form of a motion for contempt stated the above facts and alleged that after the mother's change of residence "had the effect of exacerbating" the visitation rights of the father, which were amended by order of May 30, 1984, she had continued to violate various custody and visitation provisions of the divorce decree. Contending that he had "lost valuable visitation rights with the child," the father requested the court to "modify the visitation rights so as to allow the father's time to be extended and made up," and to issue a rule nisi requiring the mother to appear and show cause why she should not be "attached for contempt and immediately incarcerated in the common jail of Chatham County," with reimbursement to the father of all his lost expenses and finances. The mother did not appear at the contempt hearing, but her attorney moved to dismiss the proceedings on the grounds that she was not subject to the jurisdiction of the court and had not been properly served. On May 21, 1985 the trial court granted the mother's motion to dismiss pursuant to the holding of *Downey v. Downey*, 250 Ga. 497 (299 SE2d 558) (1983), that "although the superior court rendering a decree in a divorce action retains exclusive jurisdiction to enforce the provisions therein relating to custody of the minor children of the parties by

attachment for contempt, even where subsequent to the rendition of the order the party sought to be adjudged in contempt has removed his residence to another jurisdiction, nevertheless, in order for the court to bind nonresidents by its judgments in personam there must be personal service or waiver of personal service upon such nonresidents. [Cits.]" (Punctuation omitted.)

On August 12, 1985 the father moved the court to set aside the May 21 order because he did not receive notice of its entry, and by amendment moved the court to reconsider the order in light of the recently decided case of *Smith v. Smith*, 254 Ga. 450 (330 SE2d 706) (1985). On November 25, 1985 the court vacated the May 21 order and denied the mother's motion to dismiss on the basis of *Smith v. Smith*, supra. Upon obtaining certification of the superior court that the November 25 order was of such importance to the case that immediate review should be had, the mother applied for appeal both to the Supreme Court and to this court. The Supreme Court transferred the application made to that court to this court, and this court granted the application to appeal. The mother contends that it was error for the trial court to reverse an order that had been entered during a prior term; and that the judge erroneously applied the Georgia long-arm statute (OCGA § 9-10-91 (5)) in a contempt action not involving alimony, child support or the division of property in reversing the prior order of dismissal.

The long-arm statute, OCGA § 9-10-91 (5), provides in pertinent part that "[a] court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from . . . proceedings for alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents. . . ." However, following the enactment of the Georgia Child Custody Intrastate Jurisdiction Act of 1978 (Ga. L. 1978, p. 1957 et seq.; OCGA § 19-9-20 et seq.) and the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA) (Ga. L. 1978, p. 258 et seq.; OCGA § 19-9-40 et seq.), prohibiting the use of a complaint in the nature of habeas corpus seeking a change of child custody, the Supreme Court determined that they "no longer have a jurisdictional basis for entertaining such appeals not also involving a judgment for divorce." *Munday v. Munday*, 243 Ga. 863 (257 SE2d 282) (1979); *Lewis v. Lewis*, 154 Ga. App. 853 (1) (269 SE2d 919) (1980). Thus, since the Supreme Court transferred the application for interlocutory appeal made to that court in this case, it is clear that it does not involve an action for contempt for violation of the divorce decree, but must be considered an independent proceeding to change child custody. OCGA § 9-10-91 (5) provides jurisdiction only over nonresident defendants in independent actions for *support* of dependents. *Lee v. Pace*, 252 Ga. 546 (1) (315 SE2d 417) (1984). Accord-

ingly, the trial court erred in basing its jurisdiction over the mother on *Smith v. Smith*, 254 Ga. 450, supra, as that case involved a post-judgment modification of alimony.

Jurisdiction in this case is therefore controlled by the UCCJA. Under OCGA § 19-9-42 (2) a "custody determination" includes visitation rights, but "does not include a decision relating to child support." See *Ledford v. Bowers*, 248 Ga. 804 (1) (286 SE2d 293) (1982); *Buckner v. Davis*, 175 Ga. App. 849 (335 SE2d 745) (1985). OCGA § 19-9-43 (a) bestows jurisdiction in a court of this state in an interstate custody determination such as we have here only if (1) this state is the home state of the child at the time of commencement of the proceedings; (2) it is in the best interest of the child that a court of this state assume jurisdiction; (3) the child is physically present in this state in an emergency situation; or (4) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with the UCCJA standards or has declined jurisdiction. See *Youmans v. Youmans*, 247 Ga. 529 (276 SE2d 837) (1981). "Home state" under the UCCJA means "the state in which the child, immediately preceding the time involved, lived with . . . a parent . . . for at least six consecutive months. . . ." OCGA § 19-9-42 (5); *Brenner v. Cavin*, 163 Ga. App. 694 (295 SE2d 135) (1982).

In the instant case, the home state of the child was not Georgia and the mother as custodial parent specifically objected to jurisdiction over her person and the subject matter without making an appearance in court. The trial court made no finding of any other ground for jurisdiction, and indeed there was no evidence to show such other ground. From the evidence of record, it appears that Florida, which has adopted the UCCJA, was the proper forum for bringing this action. See *Craighead v. Davis*, 162 Ga. App. 145 (2) (290 SE2d 358) (1982); *Douse v. Douse*, 157 Ga. App. 524 (277 SE2d 807) (1981). Cf. *Tirado v. Shelnutt*, 159 Ga. App. 624 (1) (284 SE2d 641) (1981). In any event, under the policy enunciated in the UCCJA, the courts of this state must refuse to provide a forum for relitigating custody except where the legal custodian resides. *Etzion v. Evans*, 247 Ga. 390 (1) (276 SE2d 577) (1981); *Yearta v. Scroggins*, 245 Ga. 831 (268 SE2d 151) (1980). Consequently, it was error for the Chatham Superior Court to vacate the order dismissing the father's complaint and assume jurisdiction to determine the child custody issue.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 30, 1986 —
REHEARING DENIED JULY 14, 1986 — 

*John M. Tatum*, for appellant.

*Kran Riddle*, for appellee.