### 43771. ASHBURN v. BAKER.
(350 SE2d 437)

MARSHALL, Chief Justice.

This was an action filed in Georgia by the resident noncustodial father against the Florida-resident custodial mother, seeking to hold her in contempt of the visitation rights provisions of the parties' Georgia divorce decree. The complaint also sought to modify the visitation rights so as to allow the father's time to be extended to make up for visitation rights lost by reason of the mother's alleged violation of these provisions. The Court of Appeals reversed the holding of the trial court insofar as it held that the Georgia court had jurisdiction to determine the child-custody (visitation) issue, and the Court of Appeals held that the complaint should have been dismissed. *Baker v.*

*Ashburn*, 179 Ga. App. 757 (347 SE2d 660) (1986). We granted certiorari to attempt to clarify the jurisdictional aspects of the case.

1. This court's order transferring to the Court of Appeals the application for interlocutory appeal made to this court in this case, provided in part that "inasmuch as this court no longer has jurisdiction over appeals involving child custody unless the appeal also involves a judgment for divorce and alimony, *Carter v. Foster*, 247 Ga. 26 (273 SE2d 614) (1981); *Munday v. Munday*, 243 Ga. 863 (257 SE2d 282) (1979), we do not have jurisdiction of this application under Art. VI, Sec. VI, Par. III (6) of our Constitution [i.e., "All divorce and alimony cases"]."

The Court of Appeals in *Baker v. Ashburn*, supra, p. 758, after tracing the legislative backdrop for our *Munday* decision, supra, held that, "since the Supreme Court transferred the application for interlocutory appeal made to that court in this case, it is clear that *it does not involve an action for contempt for violation of the divorce decree*, but must be considered an independent proceeding to change child custody." (Emphasis supplied.)

The Court of Appeals' conclusion, that the case does not involve an action for contempt for violation of the divorce decree, is apparently based on the assumption that this court has jurisdiction of actions for contempt for violations of *any* type of provisions of divorce decrees. However, this court having eschewed jurisdiction over appeals which involve child custody but not a judgment for divorce and alimony, and having held that the Court of Appeals has jurisdiction of such appeals (*Munday*, supra) — it would be inconsistent for this court to retain jurisdiction of *contempt* actions involving the same situation of which we had held the Court of Appeals has jurisdiction. Hence, our transferral did not indicate that the case does not involve an action for contempt for violation of the divorce decree (which it does), but rather that jurisdiction over appeals involving child custody but not a judgment for divorce and alimony, carries with it jurisdiction over contempt actions in such circumstances. Thus, the appeal involved *both* an action for contempt for violation of the divorce decree and a proceeding to change child custody (visitation rights).

2. The Court of Appeals' analysis of the jurisdictional status of the visitation-modification petition led to the correct finding that jurisdiction in the case is controlled by the UCCJA (Uniform Child Custody Jurisdiction Act; Ga. L. 1978, p. 258 et seq.; OCGA § 19-9-40 et seq.). However, its erroneous assumption, that the case does not also involve an action for contempt for violation of the divorce decree, precluded a specific holding as to the jurisdiction of that claim, although the holding that the complaint should have been dismissed would have the effect of adjudicating the trial court's lack of jurisdiction of that claim.

" ' "The courts of this state have no extra-territorial jurisdiction, and cannot make the citizens of foreign states amenable to their process, or conclude them by a judgment in personam, without their consent. *Dearing v. Bank of Charleston,* 5 Ga. 497 (5); *Gates v. Shaner,* 208 Ga. 454 (67 SE2d 569), and cases cited." *Slowik v. Knorr,* 222 Ga. 669, 671 (151 SE2d 726).' *Tuten v. Tuten,* 227 Ga. 228 (180 SE2d 233). After citing the above authorities this court went on to say: 'Therefore, although the superior court rendering a decree in a divorce action retains exclusive jurisdiction to enforce the provisions therein relating to custody of the minor children of the parties by attachment for contempt, even where subsequent to the rendition of the order the party sought to be adjudged in contempt has removed his [or her] residence to another jurisdiction, nevertheless, in order for the court to bind nonresidents by its judgments in personam there must be *personal service or waiver of personal service* upon such nonresidents. *Kirchman v. Kirchman,* 212 Ga. 488, 492 (93 SE2d 685); *Sternbergh v. McClure,* 217 Ga. 278, 283 (122 SE2d 217); *Connell v. Connell,* 221 Ga. 379, 380 (144 SE2d 722); s.c., 222 Ga. 765 (1) (152 SE2d 567) (wherein the defendant was personally served); *Ogletree v. Watson,* 223 Ga. 618, 619 (157 SE2d 464) and cit. This requirement has not been changed by the enactment of the 1966 Civil Practice Act (Code Ann. Title 81A; Ga. L. 1966, p. 609 et seq.' " (Emphasis supplied.) *Strauss v. Strauss,* 231 Ga. 248, 249 (200 SE2d 878) (1973); *Downey v. Downey,* 250 Ga. 497 (299 SE2d 558) (1983). Although the cases requiring "personal service" do not specify that this must be personal service *within Georgia,* a close inspection of these cases reveals this to be the case. Thus, personal service outside Georgia here was not valid.

As the Court of Appeals noted in *Baker,* supra, the Georgia Long-Arm statute (OCGA § 9-10-91 (5)) would not give the Georgia court jurisdiction, because this was not a proceeding for "alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents," so personal service outside Georgia would not give the Georgia court jurisdiction under OCGA § 9-10-94. See *Lee v. Pace,* 252 Ga. 546 (1) (315 SE2d 417) (1984).

Among the purposes of the UCCJA, supra, in addition to providing for *modification* of custody decrees of other states (OCGA § 19-9-54), is *enforcement* of custody decrees of other states (OCGA §§ 19-9-41 (a) (7); 19-9-55). "Although the Uniform Child Custody Jurisdiction Act is the last expression of the legislature, it does not expressly repeal any particular provisions of the Civil Practice Act, nor the existing statutory provisions covering divorce, custody, alimony, and child support procedures. Finding this to be true, we will consider the requirements of the Uniform Child Custody Jurisdiction Act in pari

materia with the other applicable provisions of law pertinent thereto." *Gambrell v. Gambrell*, 246 Ga. 516, 517 (272 SE2d 70) (1980).

Pretermitting the question whether the UCCJA provides the exclusive procedure for enforcement of child-custody decrees against non-residents, or merely a cumulative procedure to the one recognized in *Downey*, supra, and cits., the Georgia court did not have jurisdiction under either procedure. Therefore, the Court of Appeals correctly held that the father's complaint should have been dismissed.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 2, 1986.

*Karsman, Brooks, Painter & Callaway, Kran Riddle,* for appellant.

*Miller, Simpson & Tatum, John M. Tatum, J. Reid Williamson,* for appellee.