77210. ARNOLD v. JORDAN.
(378 SE2d 139)

POPE, Judge.

This is a case arising under the Uniform Child Custody Jurisdiction Act (UCCJA). The sole issue on appeal is whether the trial court abused its discretion in transferring the case to another jurisdiction.

Appellee mother and appellant father were divorced in 1983 by a decree entered in the Superior Court of DeKalb County, Georgia. Pursuant to a contract of settlement incorporated into the decree, the mother was granted custody of the parties' minor child and the father was granted certain specified visitation. On April 5, 1984 the mother filed a "Motion for Termination of Parental Rights; or, in the Alternative Motion for Cessation of Visitation Rights" in which she alleged

that the father sexually molested the minor child, who was then two-and-a-half years old, while she was visiting with him pursuant to the terms of the agreement. The mother also requested that the father be restrained from contact with either her or the child. The court granted this request and issued an order suspending the father's visitation rights. The mother subsequently amended her motion to include other facts of alleged sexual misconduct.

On August 8, 1984 Judge William T. Dean denied the mother's motion for termination and reinstated visitation privileges "provided that all visitation by the [father] with the minor [child] be supervised by the [father's] parents and provided further that during such visitation periods said minor [child] shall reside at the home of the [father's] parents until such time as the defendant in this case remarries; . . ."

On August 29, 1984 the Honorable B. J. Smith, pursuant to the father's motion for contempt and the mother's request for clarification of the court's August 8, 1984 order, reinstated the visitation provided in the contract of settlement, to wit, that the father could visit the minor child without supervision.

On December 28, 1984 Judge Carol W. Hunstein, acting sua sponte, ordered the mother and father to submit to psychological examinations. The court further ordered that the child be examined and a written, sealed order submitted to the court concerning the child's mental health. The court also ordered an evidentiary hearing concerning the impact of visitation on the child's mental health.

In December 1985 the mother and the child moved to Texas to live with the mother's new husband. Both the father and the court were made aware of the move.

On April 14, 1987 Judge Hunstein issued a "Final Order" denying the mother's motion to terminate and granting the father supervised visitation until the child reaches the age of seven (the child was then five-years-old).

On June 12, 1987 the mother filed a petition in the 53rd Judicial District of Travis County, Texas, requesting that the father be restrained from removing the child from the state or withdrawing the child from the psychiatric hospital (Charter Lane Hospital in Austin, Texas) to which she had been admitted for treatment. The mother also requested that the father not be allowed to see the child or, in the alternative, that he be allowed to see the child only under the supervision of a mental health professional. Attached to the petition was the affidavit of one of the child's doctors at Charter Lane who averred that the child's symptoms indicated she had been sexually abused by her father and that due to this factor and the child's hospitalization, he believed visitation with the child should be in Austin, Texas and supervised by a mental health professional. The mother

also attached her affidavit, in which she informed the Texas court that she had participated in custody proceedings concerning the minor child in Georgia.

On July 22, 1987 Judge Hunstein amended her prior order to state with greater specificity the terms of the father's visitation.

The father filed a motion for contempt in the Georgia action based on the mother's refusal to comply with the Georgia court's April 14, 1987 order. On July 23, 1987 the mother filed an amended response to the father's motion in which she informed the Georgia court that the Texas court had assumed jurisdiction under the emergency provisions of the UCCJA (see OCGA § 19-9-43 (a) (3) (B)).

On August 14, 1987 the Texas court held a hearing in which it expressed the opinion that "to send that child on an airplane to Georgia would create a serious and immediate question concerning the child's welfare." The court issued a TRO preventing the father from removing the child from the State of Texas or the psychiatric hospital.

On August 24, 1987 the Georgia court held a hearing on the father's motion for contempt. At that hearing, Judge Hunstein indicated that she would contact the Texas court concerning the court's jurisdiction. (See OCGA §§ 19-9-41 (8); 19-9-46 (c) and 19-9-47 (d)). The court further found service of the father's motion on the mother to be insufficient and issued an order requiring the father to request a new hearing once service had been perfected.

On February 9, 1988 Judge Hunstein issued an order finding Texas to be the proper forum in which to litigate the custody modification and visitation issues. Judge Hunstein further ordered all pertinent documents and transcripts forwarded to the Texas court. The Georgia court retained jurisdiction over any contempt proceedings relating to the prior orders of the court. (See *Daily v. Dombroski*, 250 Ga. 236 (297 SE2d 246) (1982)). We granted the father's application for discretionary review.

The UCCJA was adopted to resolve jurisdictional disputes between two states, each of which could properly exercise jurisdiction over a child's custody, and to "assure that custody proceedings take place in the state with which the child and his family have the closest connections." *Graham v. Hajosy*, 159 Ga. App. 466, 467 (283 SE2d 683) (1981). To this end, OCGA § 19-9-47 (a) provides that a court with jurisdiction may decline to exercise jurisdiction if it finds that it is an inconvenient forum and that a court of another state is a more appropriate forum. Thus, although a Georgia court may have jurisdiction over a particular child custody proceeding, it is discretionary with the trial court whether it should exercise or decline jurisdiction under the inconvenient forum provision of the Act.

The prime consideration in determining if a court of this state is

an inconvenient forum is the best interest of the child. OCGA § 19-9-47 (c) lists five factors which may be taken into account in making this determination:

1. If another state is or recently was the child's home state;

2. If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3. If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available;

4. If the parties have agreed on another forum that is no less appropriate;

5. If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in Code Section 19-9-41.

We agree with the trial court that consideration of the above factors favors Texas as the more appropriate forum. Texas has been the home state of the child and the custodial parent for over three years. The minor child was enrolled in school in Texas. The child has been a patient in a mental health facility and has been treated by several mental health practitioners there. The mother's move to Texas was precipitated by her remarriage, and there is no evidence of record to suggest that the move was made in an attempt to deny the father the exercise of his visitation rights. The mother apparently intends to stay in Texas. The parties have not agreed on another forum.

These factors weigh heavily in favor of a transfer of jurisdiction for the child's best interest. Although jurisdiction would be proper in either Georgia or Texas, we cannot say that the trial court abused its discretion in transferring this case to Texas. See *Bennett v. Bennett*, 506 S2d 1021 (Ala. 1987); *In the Interest of Wicks*, 693 P2d 481 (Kan. 1985). Cf. *Carr v. Towns*, 172 Ga. App. 691 (2) (324 SE2d 489) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 24, 1989.

*Stanley M. Lefco*, for appellant.
*E. Alan Armstrong*, for appellee.