## S91A0648. KEMP v. SHARP.
### (409 SE2d 204)

BENHAM, Justice.

After the parties were divorced in Georgia, Sharp moved to Texas, taking the child of the parties with her. Contending he had been denied the visitation rights granted him in the decree, Kemp brought an action for contempt and for modification of the visitation provisions. He brought the action in the superior court of the county in which he resided and in which Sharp had resided while she lived in Georgia. Sharp answered, denying that she was in contempt and opposing modification of the visitation provisions of the decree, and filed a counterclaim seeking modification of Kemp's child support obligation. The trial court, pursuant to Kemp's agreement, increased the amount of child support, thereby granting Sharp relief on her counterclaim. As to the relief sought by Kemp, however, the trial court found that Sharp was not in contempt of the divorce decree, and that venue for the visitation modification action was properly in Texas. We granted Kemp's discretionary appeal application to consider whether the trial court was correct in ruling that venue for the visitation modification action was properly in Texas.

1. Kemp argues that our decision in *Straus v. Straus*, 260 Ga. 327 (2) (393 SE2d 248) (1990), is applicable to this action and requires that the trial court exercise personal jurisdiction over Sharp. The outcome in *Straus*, however, was based expressly on OCGA § 9-10-91 (5), "Georgia's domestic-relations long arm statute" (*Braden v. Braden,* 260 Ga. 269, 270 (392 SE2d 710) (1990)), which applies by its own terms only to actions involving alimony, child support, and division of property. The action brought by Kemp against Sharp involved none of those matters. In *Lee v. Pace*, 252 Ga. 546 (1) (315 SE2d 417) (1984), this court was careful to distinguish between the bases of a Georgia court's proper exercise of jurisdiction over a claim involving child support and a claim involving child custody: jurisdiction over the support claim was controlled by OCGA § 9-10-91 (5); jurisdiction over the custody claim was present because of the child's presence in Georgia. See also *Ashburn v. Baker*, 256 Ga. 507 (2) (350 SE2d 437) (1986). Observing the same distinction recognized in *Lee* and

*Ashburn*, we are constrained to hold that *Straus* and OCGA § 9-10-91 (5) are of no avail to Kemp in his effort to obtain jurisdiction over Sharp for the purpose of modifying the custody provisions of the divorce decree.

2. The trial court ruled that although it had jurisdiction over Sharp for purposes of the contempt action, venue for the custody claim was properly in Texas because of the provision in OCGA § 19-9-23 that custody actions be brought in the county of residence of the legal custodian of the child. The trial court was correct in declining to consider the issue, but not for the reason given.

Under the Uniform Child Custody Jurisdiction Act (UCCJA), OCGA § 19-9-40 et seq., jurisdiction for modification of child custody matters, which include visitation, is in the home state of the child.[1] It is clear from the record that Texas is the home state of the parties' child.[2] It follows, then, under the provisions of the UCCJA and the policy that Georgia courts will "refuse to provide a forum for relitigating custody except where the legal custodian resides" (*Yearta v. Scroggins*, 245 Ga. 831, 832 (268 SE2d 151) (1980)), that the trial court, albeit for a different reason, properly declined to consider appellant's request for a modification of visitation rights.

3. Kemp urges as an alternative argument that the institution of a counterclaim by Sharp constituted a waiver of all venue and jurisdictional defenses. We disagree.

Central to our holding in Division 2 is the special nature of the subject matter of Kemp's claim. By enacting the UCCJA, Georgia expressed a clear intent that litigation concerning a child's custody be conducted in the forum with which the child is most closely associated. An analogy may be drawn between the operation of the Act and the operation of the doctrine of sovereign immunity: just as the doctrine of sovereign immunity "operates to withhold from the courts jurisdiction over the person of the state . . ." (*Goolsby v. Regents of Univ. System*, 141 Ga. App. 605 (4) (234 SE2d 165) (1977)), the UCCJA operates to withhold from the courts personal jurisdiction over the custodial parent when the action concerns child custody and the home state of the child is in another jurisdiction. To hold that the custodial parent, by asserting a non-custody-related claim against the non-custodial parent in the only jurisdiction appropriate for asserting

---

[1] There are circumstances enumerated in OCGA § 19-9-43 under which this state will take jurisdiction notwithstanding another state's status as "home state," but those circumstances are not present in this case.

[2] "Home state" means the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent for at least six consecutive months. . . . [OCGA § 19-9-42 (5).]
The parties' child lived in Texas with Sharp for at least six consecutive months prior to the institution of Kemp's action.

that claim,[3] waived the benefits of the UCCJA would defeat the purpose of the Act. If that were so, a non-custodial parent of a non-resident child could thwart the UCCJA by merely withholding support until the custodial parent brought an action for enforcement of the support obligation, and then insisting on litigating custody matters in the improper jurisdiction on the ground that the custodial parent had waived the jurisdictional defense by bringing a claim for support. We are not willing to create such a loophole in the UCCJA. Accordingly, we hold that the assertion by Sharp of a counterclaim for modification of Kemp's support obligation did not constitute a waiver of Sharp's right to insist on litigating custody matters in Texas, the home state of the parties' child.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1991.

*Stubbs & Associates, M. Francis Stubbs,* for appellant.
*Andrew, Threlkeld & Ellington, Reid A. Threlkeld,* for appellee.

---

[3] Sharp's claim for modification of support was based on a Georgia judgment and had to be brought in the county of the defendant's residence. OCGA § 19-6-26.