A93A2355. PROCTOR SQUARE, LTD. v. PROCTOR SQUARE APARTMENTS.
(438 SE2d 144)

BIRDSONG, Presiding Judge.

Proctor Square, Ltd., appeals the grant of summary judgment to Proctor Square Apartments, Ltd.

Appellee sold an apartment complex to appellant and retained a security deed. Appellant filed bankruptcy, and appellee foreclosed, selling the property to itself. Appellee then filed suit against appellant

to get $14,427.50 which had been held by the apartment management company but was paid by cashier's check to the attorneys for appellant and appellee.

On appeal, appellant debtor points out that appellee's lawsuit is entitled "Complaint On Promissory Note" and that the complaint states the foreclosure sale to itself garnered an amount less than appellant owed. Appellant contends appellee cannot get a deficiency because appellee did not get judicial confirmation of the foreclosure sale (OCGA § 44-14-161), and that the contract of the parties provides that appellee would not sue or otherwise seek legal recourse against appellant for any deficiency or other claims after foreclosure. *Held*:

There is no magic in the nomenclature of a pleading; it is construed to serve the best interests of justice and judged by its substance rather than by its name. *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 77 (403 SE2d 840). Appellee's complaint sets forth the history of the case, including the fact that the foreclosure brought less than was owed, but the complaint does not seek a deficiency; it seeks money which it says was rental income in which it had a security interest. Appellant argues nothing to show it is entitled to the money. Appellant simply argues that the law prohibits appellee from seeking a deficiency when appellee did not get confirmation of the sale, and that the parties' agreement prohibits appellee from filing suit for any other claims.

We are certain this is not a suit for deficiency. It appears that the parties are so fixed that according to appellee, they agreed to let the management company convert the $14,427.50 to a cashier's check made out jointly to the parties so that the management company would be spared the expense of interpleader while appellant and appellee fight it out. However, the check is not made to the parties, but is made to "Dock H. Davis and Robert F. Woodland," who are the attorneys for the parties.

This suit was thus one which appellant agreed appellee could bring, by agreeing to let the management company pay the disputed funds to appellant's and appellee's attorneys jointly. Appellant is therefore estopped to claim that this is a suit for deficiency or for any other claim which is prohibited by law or by the original agreement of the parties, and is estopped to claim that appellee in any way waived this claim or that appellee is estopped to claim this money.

Appellant shows no actual entitlement to the money. Ownership of the property is now in appellee by foreclosure and sale, and there appears no genuine dispute that the money represents rental income in which it had a security interest and to which appellant has no actual right. No genuine issue of material fact remains for a jury, so the trial court's judgment is correct. OCGA § 9-11-56 (c).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Robert F. Woodland, Jr.*, for appellant.
*Dock H. Davis*, for appellee.