## A94A1999. DYER v. SURRATT.
(456 SE2d 510)

JOHNSON, Judge.

Hal Dyer and Michelle Surratt, formerly Michelle Dyer, were married in 1988. They separated in November 1990, when Surratt moved from Georgia to North Carolina with their two minor daughters. Dyer and Surratt were divorced by a final decree entered in the Superior Court of Gwinnett County, Georgia, on December 3, 1991. The divorce settlement agreement granted Surratt custody of the two children and Dyer specified visitation privileges. Approximately 17 months after the divorce, Dyer filed a petition for contempt in Gwinnett County Superior Court, alleging Surratt violated the visitation provisions of the divorce agreement. Dyer amended the petition, requesting not only that Surratt be found in contempt of court, but also that the court modify the divorce decree by awarding custody of the children to him. Surratt moved to dismiss the petition as amended. The trial court granted the motion, dismissing the petition due to lack of subject matter jurisdiction. We granted Dyer's application for discretionary review.

Dyer claims the court erred in finding it lacked jurisdiction to hear his petition for contempt. At the outset, we note "[t]here is no magic in the nomenclature of a pleading; it is construed to serve the best interests of justice and judged by its substance rather than by its name. [Cit.]" *Proctor Square, Ltd. v. Proctor Square Apartments,* 211 Ga. App. 74, 75 (438 SE2d 144) (1993). Construing Dyer's amended petition by its substance rather than by its name, we conclude it is not merely a contempt petition, but is also an action to modify custody because it plainly asks the court to change custody of the children from Surratt to him due to a material change of circumstances affecting the children's welfare. Consequently, the issue before us is whether the trial court erred in ruling it lacked subject matter jurisdiction to decide this interstate custody matter.

Dyer is correct in asserting that the superior courts of Georgia generally have subject matter jurisdiction over child custody cases. See Art. VI, Sec. IV, Par. I, Ga. Const. 1983; OCGA §§ 15-6-8 and 19-9-1. Nevertheless, even if a court of this state issued the original custody decree, whether that court "has jurisdiction in an interstate custody matter is determined under the provisions of the [Uniform Child Custody Jurisdiction Act]. . . . OCGA § 19-9-43 (a) (UCCJA § 3) establishes the four bases for jurisdiction of child custody proceedings, whether initially or by modification: (1) the state is or has been

within six months the child's home state, as defined by the Act; (2) the child and at least one custody contestant have a significant connection with the state; (3) the child is physically present and has been abandoned or is in need of emergency protection from actual or threatened abuse or neglect; or (4) no other state has or accepts jurisdiction, and it is in the child's best interest for this state's courts to take jurisdiction." (Citations, punctuation and emphasis omitted.) *Williams v. Goss*, 211 Ga. App. 195, 197 (438 SE2d 670) (1993). In the instant case, none of these four bases of jurisdiction apply to this state. The record reveals that North Carolina is the children's home state because they have lived there with Surratt for more than six consecutive months immediately prior to Dyer's filing of this change of custody action. See OCGA § 19-9-42 (5). Moreover, there is no evidence in the record that the children have any significant connection with Georgia, that the children are physically present in this state and have been abandoned or are in need of emergency protection, or that North Carolina refuses jurisdiction and it is in the children's best interests for Georgia to take jurisdiction.

"Ordinarily, jurisdiction over child custody cases is in the county of residence of the legal custodian, and one of the purposes of the . . . UCCJA is to assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available and also to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state." (Citations and punctuation omitted.) *Lightfoot v. Lightfoot*, 210 Ga. App. 400, 402 (2) (436 SE2d 700) (1993). Because Surratt and the children have the closest connection with their home state of North Carolina and none of the UCCJA bases for jurisdiction apply to Georgia, the trial court correctly declined to exercise jurisdiction over Dyer's request for modification of custody. See *Kemp v. Sharp*, 261 Ga. 600, 601 (2) (409 SE2d 204) (1991); *Douse v. Douse*, 157 Ga. App. 524, 526 (277 SE2d 807) (1981).

*Judgment affirmed. Beasley, C. J., and Andrews, J., concur.*

DECIDED MARCH 15, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995 — ▉

*Donn M. Peevy*, for appellant.
*Margaret G. Washburn*, for appellee.