## S95G1165. DYER v. SURRATT.
(466 SE2d 584)

BENHAM, Chief Justice.

Appellant Hal Dyer and appellee Michelle Dyer Surratt were married in 1988. They were living in Georgia in 1990 when the parties separated, with Surratt and the couple's two minor children moving to North Carolina. The parties were divorced in December 1991 by a judgment and decree entered by the Superior Court of Gwinnett County. The settlement agreement incorporated into the judgment of divorce made Surratt the custodial parent and set forth Dyer's visitation rights. In May 1993, Dyer sought enforcement of his visitation rights by filing a contempt action in the Superior Court of Gwinnett County. Surratt was personally served in North Carolina, and filed an answer. She also filed a counterclaim in which she alleged that Dyer had engaged in contumacious conduct. In October 1993, counsel for both parties appeared before the trial court which entered a consent order continuing the case because the parties were working on a settlement. A month later, Dyer complained that Surratt was not abiding by the divorce decree, and amended his petition for contempt to assert that Surratt's actions hindering Dyer's visitation amounted to a material change of circumstances that warranted custody of the children being given him. Represented by new counsel, Surratt filed a response contesting the court's subject-matter and in personam jurisdiction and later moved to dismiss the petition for contempt and the amendment thereto. The trial court determined that Surratt had timely asserted her defense of lack of personal jurisdiction, and dismissed Dyer's petition after concluding that the Georgia court lacked subject-matter jurisdiction and that the Uniform Child Custody Jurisdiction Act (UCCJA), OCGA § 19-9-40 et seq., "preempted" Dyer's petition for contempt.

The Georgia Court of Appeals granted Dyer's application for discretionary review, and affirmed the trial court's decision. See *Dyer v. Surratt*, 216 Ga. App. 876 (456 SE2d 510) (1995). The appellate court determined that Dyer's petition was an interstate custody matter and, applying Section 3 of the UCCJA, OCGA § 19-9-43, concluded that the Georgia court "correctly declined to exercise jurisdiction over Dyer's request for modification of custody. [Cits.]" Id. at 877. We granted Dyer's petition for certiorari, questioning whether the Court of Appeals erred in affirming the trial court's dismissal of Dyer's petition for contempt.

1. Dyer's amended petition involved *both* an action for contempt for violation of the divorce decree and a proceeding to modify custody, and the trial court's jurisdiction of each action must be considered separately. See, e.g., *Kemp v. Sharp*, 261 Ga. 600 (409 SE2d 204) (1991); *Ashburn v. Baker*, 256 Ga. 507 (350 SE2d 437) (1986); *Arnold*

*v. Jordan*, 190 Ga. App. 8 (378 SE2d 139) (1989). The Court of Appeals' opinion did not address the jurisdiction of a Georgia court to hear the assertion of a Georgia-resident, non-custodial parent that the non-resident, custodial parent is in contempt of the visitation rights set forth in a Georgia judgment and decree of divorce issued by the court in which the petition for contempt is filed.

2. In *Daily v. Dombroski*, 250 Ga. 236 (297 SE2d 246) (1982), this Court held that the General Assembly's passage of the UCCJA did not "destroy" the jurisdiction of a Georgia court to hear a contempt petition filed by a Georgia-resident, non-custodial parent against the non-resident custodial parent for breach of the visitation provisions set forth in the Georgia court's unmodified child custody decree. See also *Downey v. Downey*, 250 Ga. 497 (299 SE2d 558) (1983). In *Ashburn v. Baker*, supra, 256 Ga. at 510, this Court implicitly questioned the viability of an enforcement action other than through the UCCJA when it pretermitted the issue of whether the UCCJA provided the exclusive means of enforcement of child custody decrees against non-residents, or was merely cumulative of other judicially recognized enforcement methods. Today, we conclude that the holding of *Daily v. Dombroski*, supra, remains viable in Georgia: the Georgia court which issued a divorce judgment that has not been modified by a court of another State with jurisdiction to do so may hear a Georgia-resident, non-custodial parent's allegations of contumacious conduct leveled against the non-resident custodial parent. This is so because a Georgia court has the statutory power "[t]o compel obedience to its judgments . . ." (OCGA § 15-1-3 (3)), as well as the inherent power to enforce its orders through contempt proceedings. *Bradley v. State*, 111 Ga. 168, 170 (36 SE 630) (1900). "The proper administration of justice demands that courts have the power to enforce their orders and decrees by contempt proceedings." *Griggers v. Bryant*, 239 Ga. 244, 246 (236 SE2d 599) (1977). In so holding, we answer that which was pretermitted in *Ashburn*: the UCCJA does not provide the exclusive means by which a party may seek enforcement of the custody provisions of a Georgia judgment.

3. While the Georgia court may have the authority to hear the contempt action, its judgment is not enforceable against the non-resident defendant unless the court has obtained personal jurisdiction over the non-resident. *Ashburn v. Baker*, supra, 256 Ga. at 509. It is a well-settled matter that the 1983 "domestic relations" amendment to the Long-Arm Statute (OCGA § 9-10-91 (5)) does not provide a means by which a Georgia court may obtain personal jurisdiction over a non-resident in a proceeding involving child custody or visitation. Id. See also *Kemp v. Sharp*, supra, 261 Ga. 600 (1). Compare *Braden v. Braden*, 260 Ga. 269 (392 SE2d 710) (1990) (non-resident defendant in a contempt action involving child *support* is subject to Georgia

court's jurisdiction under the long-arm statute). Because of the limited nature of Georgia's domestic relations long-arm statute, a non-resident parent alleged to be in contempt of the visitation provisions of a Georgia divorce judgment and who was served outside Georgia may divest the court of its power to enforce its judgment by timely asserting a defense of lack of personal jurisdiction.

4. In the case at bar, the non-resident defendant served with process outside Georgia claimed that the Georgia court lacked jurisdiction of her person. Contrary to the trial court's holding, Surratt's defensive pleading asserting lack of personal jurisdiction was not timely filed insofar as the contempt action was concerned. The defense of lack of personal jurisdiction must be raised before or at the time of pleading, and failure to raise the defense in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of the defense. *Whitley v. Hsu*, 260 Ga. 539 (397 SE2d 694) (1990). Surratt did not assert a lack of personal jurisdiction in her answer to Dyer's contempt petition, or in a motion filed before or simultaneously with the answer. She asserted a lack of personal jurisdiction seven months after the contempt action was filed, in response to Dyer's pleading seeking a change of custody. Furthermore, " 'jurisdiction of the person is waived by the making of a general appearance without specially reserving the matter in the answer or other defensive pleading. [Cits.]' " *Gaddis v. Dyer Lumber Co.*, 168 Ga. App. 334 (308 SE2d 852) (1983). Counsel for Surratt appeared before the Georgia court at a time scheduled for a hearing on the contempt petition, and consented to the court's entry of an order continuing the case while the parties pursued a settlement agreement. An appearance "signifies 'an *overt* act by which a person against whom suit has commenced submits himself to the jurisdiction of the court.' [Cits.]" *Moss v. Bishop*, 235 Ga. 616 (2) (221 SE2d 38) (1975). Through her actions and her failure to file timely a motion or responsive pleading contesting the court's jurisdiction over her person, Surratt waived the defense of lack of personal jurisdiction insofar as the contempt proceeding is concerned. Consequently, the trial court had both subject-matter and personal jurisdiction of the contempt proceeding and the parties thereto.

That portion of the Court of Appeals' judgment holding that the trial court was correct in dismissing appellant's petition for contempt must be reversed.

*Judgment reversed in part. All the Justices concur.*

FLETCHER, Presiding Justice, concurring.

I fully concur with the majority's opinion. I write separately to remind the bench and bar that the Parental Kidnapping Prevention

Act[1] provides the jurisdictional criteria to be followed in interstate custody disputes.[2] A court must first satisfy the jurisdictional criteria of the PKPA before analyzing jurisdiction under its own state's law. Although the Court of Appeals analyzed the jurisdiction of the Georgia court only under Georgia's Uniform Child Custody Jurisdiction Act,[3] an analysis under the PKPA renders the same result under these circumstances.

DECIDED FEBRUARY 12, 1996.

Peevy & Lancaster, Donn M. Peevy, for appellant.
Washburn & Washburn, Margaret G. Washburn, for appellee.
Lawler & Tanner, Nancy F. Lawler, Warner, Mayoue & Bates, Alvah O. Smith, amici curiae.

---

[1] 28 USC § 1738A.
[2] Wilson v. Gouse, 263 Ga. 887, 889-890 (441 SE2d 57) (1994).
[3] Dyer v. Surratt, 216 Ga. App. 876 (456 SE2d 510) (1995).