### S98A1345. LEWIS v. LEWIS.
#### (509 SE2d 936)

SEARS, Justice.

We granted the appellant's application for discretionary appeal to consider two questions. One is whether the trial court erred in retaining jurisdiction to enforce the visitation provisions of a divorce decree against the appellant, a non-resident custodial parent, when she was not personally served in Georgia and did not waive personal jurisdiction. The other is whether the trial court erred in directing that child support payments be withheld from the appellant until she complied with the visitation provisions of the divorce decree. We conclude that the trial court erred on both issues, and we therefore reverse.

In April 1990, a Georgia court, the Superior Court of Camden County, granted a divorce to appellant Pamela Lewis and appellee Raymond Lewis, and incorporated their settlement agreement into the decree. Pursuant to the agreement, the trial court awarded custody of the Lewises' two minor children to Ms. Lewis, granted visitation rights to Mr. Lewis, and ordered Mr. Lewis to pay child support and alimony. In 1992, Ms. Lewis moved from Florida to Mississippi, where she currently resides with her two children. In October 1997, Mr. Lewis filed a motion of contempt against Ms. Lewis in the Superior Court of Camden County, alleging that she had refused to allow visitation as ordered in the divorce decree. Ms. Lewis was personally served in Mississippi, and she timely filed a motion to dismiss for lack of personal jurisdiction.

In ruling on the contempt action, the trial court stated that it was granting Ms. Lewis's motion to dismiss for lack of personal jurisdiction. The court, however, nevertheless ordered Mr. Lewis to pay child support to the Child Support Receiver's office, and instructed

the Child Support Receiver to hold the child support funds until "[Ms. Lewis] takes the appropriate action to permit this Court to enforce all provisions of the decree." Ms. Lewis filed a motion for new trial, but the trial court denied the motion, and affirmed its ruling that the child support funds were to be withheld until Ms. Lewis "complies with the visitation requirements [of the divorce decree]."

1. Ms. Lewis contends that the trial court erred by retaining jurisdiction over her to enforce the visitation provisions of the divorce decree when she was not personally served in Georgia and did not waive personal jurisdiction. We agree.

Although the trial court stated that it was dismissing the contempt action for lack of personal jurisdiction, by ordering that child support payments be withheld until Ms. Lewis complies with the visitation provisions of the divorce decree, the trial court in fact retained jurisdiction over Ms. Lewis to enforce those provisions. In *Dyer v. Surratt*,[1] we held that a Georgia court was required to obtain personal jurisdiction over a non-resident defendant to enforce the visitation provisions of one of its judgments. Here, Ms. Lewis was not personally served in Georgia, and timely asserted her defense of lack of personal jurisdiction. The trial court therefore erred in retaining jurisdiction over her to enforce the visitation provisions of its judgment.

2. We also agree with Ms. Lewis's contention that the trial court erred in ordering the withholding of child support payments as a method of enforcing the visitation provisions of the divorce decree. This Court has held that the payment of support cannot be "made contingent on allowance of visitation privileges."[2] Accordingly, in this case, the trial court erred in ordering the withholding of child support payments as a method of forcing Ms. Lewis to comply with the visitation provisions of the divorce decree.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

*Garnett Harrison,* for appellant.
*Andrew H. Lakin,* for appellee.

---

[1] 266 Ga. 220, 221-222 (2) (466 SE2d 584) (1996).
[2] *Haase v. Haase*, 251 Ga. 691, 692 (309 SE2d 367) (1983).