A10A0500. DENNIS v. DENNIS.
(692 SE2d 47)

ANDREWS, Presiding Judge.

Billy Joe Dennis takes this appeal from the trial court's grant of Laura Dennis's motion to dismiss his April 2009 application for contempt concerning her alleged violation of his visitation rights. Because the trial court erred in refusing to consider Billy Joe's allegations, and because his service on Laura's attorney in other, still pending contempt proceedings was valid, we reverse.

The record shows that Billy Joe and Laura were divorced by final judgment and decree on November 21, 2006. Laura was to have physical custody of the minor children with Billy Joe having regular visitation. On December 4, 2007, Laura filed a motion for contempt alleging that Billy Joe had failed to pay her $80,000 due under the divorce decree. On January 11, 2008, Billy Joe filed his own motion alleging Laura's interference with his visitation. These matters were tried on January 18, 2008. The trial court announced its decision and

instructed the parties to negotiate visitation and other issues and to submit a draft order within ten days. No order was filed in the course of 2008, however.

On April 14, 2009, Billy Joe filed a new motion for contempt, also styled as an "amended motion for contempt," alleging that an order was never prepared because the parties could not agree on its content and that Laura had violated his visitation rights during the children's spring break, "which occurred March 23rd through March 29th" in an unspecified year. Billy Joe served the new motion on Laura's attorney of record.

On April 27, 2009, the trial court entered an order prepared by Laura's counsel in the 2007 and 2008 proceedings, noting that order as nunc pro tunc to January 18, 2008. On May 13, 2009, and represented by new counsel, Laura answered and moved to dismiss the April 14, 2009 motion on grounds including lack of personal jurisdiction. Attached to these responsive pleadings were (i) Laura's affidavit that she was no longer a Georgia resident and had never been personally served and (ii) an April 28, 2009 letter from original counsel stating that her representation in the original motions was concluded, that she did not represent Laura in the new proceeding, and that she would not accept service in the latter. Billy Joe responded that service on original counsel had been sufficient because the two older motions were still pending at the time the new motion was made.

The trial court granted Laura's motion to dismiss on the grounds that the allegations of Billy Joe's new petition were too "generalized" and that he could not assert new matters after the close of evidence on January 18, 2008, but before the filing of an order. We granted Billy Joe's application for discretionary appeal.

1. An application for contempt is a motion, not a complaint. *Brown v. King*, 266 Ga. 890, 891 (1) (472 SE2d 65) (1996); see also OCGA § 9-11-7 (b) (1) ("An application to the court for an order shall be by motion"); *Carden v. Carden*, 266 Ga. App. 149 (596 SE2d 686) (2004). More specifically, a contempt action to enforce court-ordered custody arrangements, including child support payments, "is an independent proceeding that is ancillary to the divorce action and not a new civil action. This ancillary status applies whether the divorce action is still pending or the trial court has already entered a final judgment." *Brown*, 266 Ga. at 890-891 (1).

> The petitioner initiates the contempt proceeding by serving the respondent with a copy of the contempt motion and a rule nisi. The rule nisi gives the respondent notice of the charges and the opportunity for a hearing at a specific time

and place. To comport with due process, the notice of the hearing must be reasonable.

Id. at 891 (1).

(a) In 2007, the General Assembly amended OCGA § 5-6-34 to provide a right of direct appeal for "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody or *holding or declining to hold persons in contempt* of such child custody judgment or orders." (Emphasis supplied.) OCGA § 5-6-34 (a) (11) (Ga. L. 2007, p. 554, § 2, effective January 1, 2008); see also *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009) ("all modifications of child custody orders filed on or after January 1, 2008 are directly appealable"); *Croft v. Croft*, 298 Ga. App. 303, n. 1 (680 SE2d 150) (2009). Because the motion for contempt at issue here was filed on April 14, 2009, well after the effective date of the 2007 amendment to OCGA § 5-6-34, Billy Joe has the right to a direct appeal from the trial court's dismissal of that motion. See *Martinez v. Martinez*, 301 Ga. App. 330, 332 (1) (687 SE2d 610) (2009) (authorizing a direct appeal from the enforcement of a settlement agreement because a motion to enforce that agreement, and not the underlying divorce complaint, was "the relevant legal action for jurisdictional purposes").

(b) A trial court need not make findings of fact or conclusions of law on a motion for contempt arising from the enforcement of a divorce decree. *Hines v. Hines*, 237 Ga. 755, 756 (1) (229 SE2d 744) (1976). But a trial court "is expressly authorized to modify visitation rights, even on its own motion, during a contempt proceeding." *Carlson v. Carlson*, 284 Ga. 143, 144 (663 SE2d 673) (2008); see also OCGA § 19-9-3 (b). Moreover, because "relevant information [concerning a child custody matter] must be received up until the very time that the court rules," a trial court errs when it refuses to consider that information before ruling. *Shore v. Shore*, 253 Ga. 183, 184 (318 SE2d 57) (1984).

Here, the trial court failed to consider Billy Joe's allegations except as inadequately pled and dismissed his new motion on that basis sua sponte and without a hearing. No matter whether the visitation at issue occurred in March 2008 or in March 2009, it occurred after the trial of January 2008 but before the order of April 2009. Because Billy Joe's new motion for contempt gave Laura adequate notice of the nature of his claim, and because the trial court did not afford Billy Joe due process concerning it, we reverse the grant of Laura's motion to dismiss and remand the case for proceedings consistent with this opinion. See *Smith v. Smith*, 280 Ga. 620, 621-622 (632 SE2d 83) (2006) (reversing husband's incarceration for failure to pay child support because no hearing was held); compare

*Gould v. Gould*, 240 Ga. App. 481, 482-483 (1) (523 SE2d 106) (1999) (affirming dismissal of petition to modify divorce decree and for contempt when husband showed that wife had failed to abide by condition precedent to both parties' right to sue).

2. Although we would affirm the trial court's order if it were right for any reason, Laura's motion to dismiss for lack of personal jurisdiction lacked merit.

It has long been the law, and remains so after the passage of the Uniform Child Custody Jurisdiction and Enforcement Act in 2001, that " 'a non-resident parent alleged to be in contempt of the visitation provisions of a Georgia divorce judgment and who was served outside Georgia may divest the court of its power to enforce its judgment by timely asserting a defense of lack of personal jurisdiction.' " *Daniels v. Barnes*, 289 Ga. App. 897, 900 (658 SE2d 472) (2008), quoting *Dyer v. Surratt*, 266 Ga. 220, 221-222 (3) (466 SE2d 584) (1996) (as amended in 1983, long-arm statute "[did] not provide a means by which a Georgia court may obtain personal jurisdiction over a non-resident in a proceeding involving child custody or visitation"); see also *Ashburn v. Baker*, 256 Ga. 507 (350 SE2d 437) (1986).

Here, however, Billy Joe's January 2008 contempt motion was still pending when he served Laura with his new motion on April 14, 2009. Laura does not dispute that she was properly served in the January 2008 matter, and counsel had not yet prepared the final order concerning it when she was served with the new motion. This service of the new motion on Laura's attorney of record in Billy Joe's pending 2008 action was therefore sufficient to confer personal jurisdiction over Laura on the trial court. *Smith v. Smith*, 244 Ga. 230, 231 (1) (259 SE2d 480) (1979) (wife's service of new contempt petition on attorney of record in pending contempt proceeding was sufficient to confer personal jurisdiction over husband in the new matter); compare *Davis v. Hutto*, 253 Ga. 538, 539-540 (322 SE2d 277) (1984) (because previous contempt proceedings were no longer pending, trial court erred in failing to grant husband's motion to dismiss new contempt matter served on attorney in former proceedings).

*Judgment reversed and case remanded with direction. Ellington and Doyle, JJ., concur.*

DECIDED MARCH 10, 2010.

*George M. Hubbard III, Elizabeth A. Moser*, for appellant.

*Ellis, Painter, Ratterree & Adams, Tracy A. O'Connell*, for appellee.