## 35030. HARVEY v. HARVEY.

MARSHALL, Justice.

The plaintiff-appellee, a resident of South Carolina, filed an application for writ of habeas corpus in February of 1979 against her former husband, defendant-appellant. In the application, the plaintiff alleges that she is the legal custodian of the parties' minor child under their divorce decree and that the defendant is illegally retaining custody of the child in Georgia without her consent. The plaintiff seeks custody of the child. In addition, she seeks an award of attorney fees and the costs of prosecuting the action, on the ground that the defendant has acted in bad faith in requiring the plaintiff to return to Georgia. The trial court granted the foregoing prayers for relief, and the defendant appeals from the trial court's award to the plaintiff of attorney fees and travel expenses.

Citing Code § 50-125 and *Bell v. McNair,* 160 Ga. 853 (129 SE 94) (1925), the appellant argues that although the trial court does have the authority to award the costs of the proceeding against either party in a habeas corpus action, this does not authorize the trial court in awarding attorney fees and travel expenses.

In making this argument, the appellant overlooks Section 74-516 (b) of the Uniform Child Custody

Jurisdiction Act (Code Ann. § 74-516 (b); Ga. L. 1978, pp. 258, 269, eff. Jan. 1, 1979). Section 74-516 (b) specifically provides: "A person violating a custody decree of another state which makes it necessary to enforce the decree in this State may be required to pay necessary travel and other expenses (including, but not limited to, attorneys' fees) incurred by the party entitled to the custody or his witnesses." See also Code Ann. § 74-512 (c) (Ga. L. 1978, pp. 258, 268). Insofar as prior statutory and case law provided to the contrary, it has been superseded.

It is true that the parties' divorce decree was rendered in Georgia in 1973. However, during the pendency of this action, the plaintiff has been a South Carolina resident, and the defendant's wrongful withholding of custody of the child necessitated her traveling from South Carolina to Georgia to enforce the divorce decree and regain child custody. Under these circumstances, the award of attorney fees and travel expenses to the plaintiff was proper. Code Ann. § 74-502 (a) (1) (Ga. L. 1978, pp. 258, 259) states as one of the general purposes of the Act, to "[a]void jurisdictional competition and conflict with courts of other States in matters of child custody which have in the past resulted in the shifting of children from State to State with harmful effects on children's well-being." Code Ann. § 74-502 (b) states that, "This chapter shall be construed to promote the general purposes stated in this section."

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 15, 1979 — DECIDED SEPTEMBER 10, 1979.

*Jimmy D. Berry,* for appellant.
*Harry P. Hall, Jr.,* for appellee.