## 62175. GRAHAM v. HAJOSY.

DEEN, Presiding Judge.

This is an appeal from a final order of the trial court in a child custody case disposing of a motion for expenses and attorney fees which was by agreement held over until after disposition of the main case. Since the validity of the final ruling depends on the ongoing litigation, it may be briefly summarized as follows: The Hajosys obtained a divorce in Georgia, with the mother (now Mrs. Graham, the appellant) awarded custody of three children. They moved to a family location in Texas where they have settled and have been living for over a year. The mother gave permission for one child to return to Georgia to stay with his father and to attend school. Dr. Hajosy brought a petition under the Uniform Child Custody Jurisdiction Act (Code Chap. 74-5) for modification of the custody decree based on alleged allegations of maternal misconduct. Graham then counterclaimed with a habeas corpus action. The trial judge after hearing evidence dismissed the father's petition on the ground that jurisdiction under the Uniform Act was in Texas, but added that if he was wrong (a) Georgia would in any event be forum non conveniens under Code § 74-508 and (b) the father was not entitled to recover in this action because after permission for him to keep the child was revoked his act in refusing to surrender him to the mother was an illegal act. Code § 74-509. The Georgia Supreme Court affirmed without opinion, 246 Ga. 426, both as to the dismissal of the modification complaint and the grant of custody to the mother in a habeas corpus counterclaim.

The court then heard and denied the motion to assess attorney fees on the ground that he was, as he had ruled, without jurisdiction in the case.

We agree that under the decision in *Bell v. McNair,* 160 Ga. 853 (3) (129 SE 94) (1925), the appellant is not entitled to attorney fees in connection with the habeas corpus. As to the petition for modification, the Uniform Child Custody Jurisdiction Act makes provision for attorney fees in three areas as follows: Under Code § 74-508, a court which has jurisdiction to make a modification decree may decline to exercise jurisdiction on the ground of a finding of inconvenient forum and (g) may require the party who commenced the proceedings to pay travel and other expenses, including attorney fees. Under Code § 74-509 if a petitioner for an initial decree (defined as the first custody decree concerning the particular child, Code § 74-503 (5)) has taken the child wrongfully or engaged in "similar reprehensible conduct" the court may dismiss the action and (c) may at the same time charge the petitioner with necessary travel expenses

and attorney fees. And under Code § 74-516 (b) "A person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses (including but not limited to, attorneys' fees) incurred by the party entitled to the custody."

We are aware that a super-technical reading of each of these sections removes it from the precise circumstances of this case. Code § 74-508 referred to "a court which has jurisdiction" and this court determined that it did not have jurisdiction of the petition for modification. Code § 74-509 (c) refers to a petitioner "for an initial decree" rather than for a modification decree. And Code § 74-516 (b) refers to an action in this state to enforce the decree of another state rather than a decree rendered in this state. In point of fact, the trial court here held it had no jurisdiction, the decree attacked is not an initial decree but a modification decree, and the initial decree was not in another state but in this state.

We are nevertheless constrained to agree with the appellant that she is entitled to attorney fees and travel expenses here under the precise ruling of our Supreme Court in *Harvey v. Harvey,* 244 Ga. 199 (259 SE2d 456) (1979). There, as here, the decree as to divorce and custody was entered in Georgia. There, as here, the defendant husband illegally retained the child in Georgia without the mother's consent and she was forced to return to Georgia and obtain custody by means of a writ of habeas corpus. There, as here, although the initial decree of divorce was entered in Georgia the plaintiff established residence with her minor child in another state "and the defendant's wrongful withholding of custody of the child necessitated her traveling ... to Georgia to enforce the divorce decree and regain child custody." Id., p. 200. It is thus clear that the Supreme Court construed the statute liberally so as to carry out the remedial aspects of the law rather than subject it to strictly technical and formal objections. We must thus conclude that the fact that the petition represents a complaint for a modification rather than an initial decree, and that the divorce was originally obtained in Georgia rather than in another state, are not of such material import as to control the decision. Lastly, the court did in fact as one of its grounds of dismissal include a finding of inconvenient forum, which is of itself sufficient to support an award under Code § 74-509.

It is the duty of this court both to follow the precedents of the Supreme Court and to construe these statutes liberally to the end of avoiding jurisdictional competition and its harmful effect upon the child, as stated in the general purposes of the Act, Code § 74-502 (a) (1), and assure that custody proceedings take place in the state with which the child and his family have the closest connections. This also

was found by the trial court to be the State of Texas.

The judgment in this case is reversed with direction that the trial court hear evidence as to the expenses and attorney fees properly chargeable against the former husband for the defense against the petition to modify custody, taking into account sums, if any, awarded by any other court for this purpose.

*Judgment reversed with direction. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

*Robert H. Smalley, Jr.,* for appellant.
*John R. Carlisle,* for appellee.