38692. STEELE v. STEELE.

GREGORY, Justice.

We granted this application under Code Ann. § 6-701.1 to consider the jurisdictional questions this case presents under our Uniform Child Custody Jurisdiction Act, Code Ann. Ch. 74-5.

The parties were married in Alabama in 1977 and moved to Wisconsin where Mr. Steele worked as an attorney and Mrs. Steele as a school teacher. In 1978 the parties underwent a trial separation, but they reconciled, and Mrs. Steele gave birth to a son, Edward Clare Steele, in May 1979. In November of 1979, Mr. Steele filed for divorce in the Wisconsin courts, and Mrs. Steele was awarded temporary child custody over their son. Mrs. Steele took the child to Alabama in May of 1980 and remained without written approval of Mr. Steele or the court. Ninety days later, Mr. Steele initiated a contempt action against her for improper removal of the child from Wisconsin under

Wisconsin Statute § 767.245 (6).[1] Mrs. Steele made an appearance and, at her request, the contempt hearing was postponed until final divorce adjudication. In September of 1980, Mrs. Steele took the child (again without written permission) and moved to DeKalb County, Georgia where she still resides and works as a school teacher.

The Wisconsin court held its hearing on divorce and child custody in February 1981 and issued its order on June 26, 1981. In this order, the parties were granted divorce, and an agreement between the parties was made the judgment of that court. Under the agreement Mrs. Steele was given permanent child custody, and she agreed to return to Wisconsin on a permanent basis as of August 1, 1981. Once all the parties were in Wisconsin, the Department of Family Conciliation would set out child visitation privileges. The issues of property division and permanent support were to be later determined by the Wisconsin court.

When Mrs. Steele failed to return to Wisconsin with the child, Mr. Steele initiated proceedings under Wisconsin Statutes §§ 767.245 (6) and 767.32, as part of the original divorce action, to change custody of their child from Mrs. Steele to himself. Mr. Steele also initiated criminal actions against Mrs. Steele under Wis. Stat. § 946.71 for failure to comply with child custody provisions. The hearing on these proceedings was scheduled for September 8, 1981, but that hearing was delayed until October 15, 1981, at Mrs. Steele's request.

In the meantime, Mrs. Steele commenced this suit in DeKalb Superior Court for declaratory judgment and injunctive relief on September 16, 1981, asking that court to determine under the Uniform Child Custody Jurisdiction Act (Code Ann. Ch. 74-5) whether Georgia or Wisconsin is the appropriate forum in which to litigate these parties' child custody dispute. That day the DeKalb Superior Court issued an order temporarily restraining Mr. Steele from proceeding with child custody litigation in the Wisconsin courts or from seeking to proceed with criminal charges against Mrs. Steele for violating Wisconsin's child custody statutes and the judgment of the Wisconsin court.

On October 15, 1981, both the Georgia court and the Wisconsin court held hearings on the question of child custody between the

---

[1] Wisconsin Statute § 767.245 (6) provides: "Whenever the court grants visitation rights to a parent, it shall order the child's custodian to obtain written approval of the parent having visitation rights or permission of the court in order to establish legal residence outside this state or to remove the child from this state for a period of time exceeding 90 days."

parties, and the two courts entered conflicting orders. Both parties were represented by counsel at each proceeding.

The Georgia court made the following findings of fact: Mrs. Steele and the child have been Georgia residents since September 1980; Mr. Steele was properly served in this action; the June 26, 1981 order of the Wisconsin court is a final order awarding Mrs. Steele permanent child custody, and the Wisconsin court retains no jurisdiction over the issues of child custody and visitation rights by virtue of that order. The Georgia court then reached these conclusions of law: The provisions of the Wisconsin court order of June 26, 1981, requiring Mrs. Steele to reside in Wisconsin are unconstitutional under the laws of Georgia and of the United States; Mr. Steele's pursuit of criminal action against Mrs. Steele under Wis. Stat. § 946.71 (5) is improper because no specific visitation rights have been issued by the Wisconsin courts, and Mrs. Steele's action of continuing to reside in Georgia is proper; Mrs. Steele's cause of action is in substantial compliance with the Uniform Child Custody Jurisdiction Act; and the restraining provisions of this court's September 16, 1981 order are still in effect.

The Wisconsin court made these findings of fact: Mrs. Steele failed to return the child to Wisconsin by August 1, 1981, as required by the stipulated judgment of the court dated June 26, 1981, and she continues to refuse to return the child as ordered; Mrs. Steele failed to obtain the written permission of either Mr. Steele or the court before moving the child from Wisconsin, in violation of Wis. Stat. 767.245; Mrs. Steele failed to personally appear before the court as ordered on August 18, 1981; Mrs. Steele has concealed their child from Mr. Steele and has denied him visitation rights; Mr. Steele is a fit and proper person to have custody of the child; and Mrs. Steele's actions, as shown above, constitute a substantial change in circumstances relating to the custody of the child. The Wisconsin court then entered these conclusions of law and judgment: jurisdiction is proper in the Wisconsin court; Mrs. Steele is in contempt of the court; Mr. Steele is awarded custody of the parties' son, and Mrs. Steele is ordered to turn their son over to him; and all orders of the court relating to child support payments by Mr. Steele are suspended.

We granted this application to resolve the jurisdictional issue in the case. The orders issued by the Georgia court and the Wisconsin court are in conflict. Because we believe it was improper for a court in this state to exercise its jurisdiction under the facts of this case, we reverse.

1. The jurisdictional questions presented are resolved by reference to Code Ann. Ch. 74-5, our Uniform Child Custody

Jurisdiction Act.[2] To help us interpret the specific provisions of this Act, its purposes and methods for construction have been set forth in Code Ann. § 74-502. Briefly stated, the primary purposes of the act are to provide an orderly system for resolution of interstate child custody disputes while ensuring that the best interests of the child are protected.

Keeping these purposes in mind, it is appropriate to turn to Code Ann. § 74-504 to analyze when a court of this state would normally have jurisdiction to make child custody determinations. "(a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(1) This State (A) is the home State of the child at the time of commencement of the proceeding, or (B) had been the child's home State within six months before commencement of the proceeding and the child is absent from this State because of his removal or retention of a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

"(2) It is in the best interest of the child that a court of this State assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have significant connection with this State, and (B) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; . . ." Code Ann. § 74-504.

Code Ann. § 74-503 defines "home state" as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as a parent for at least six consecutive months and, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned . . ."

When the DeKalb Superior Court heard the issues on October 15, 1981, it found as a matter of fact that Mrs. Steele and her son had been Georgia residents since September 1980. This authorized that court to find that it could under normal circumstances exercise jurisdiction over this child custody dispute under Code Ann. § 74-504 (a) (1) (A) because Georgia was the "home state" of the child at the time of the commencement of the Georgia proceedings. Under the facts of this case, however, it was improper for the DeKalb Superior Court to exercise that jurisdiction because of a certain jurisdictional preclusion under Code Ann. § 74-507.

---

[2] We note that Wisconsin has also adopted the Uniform Child Custody Jurisdiction Act to aid its courts in resolving jurisdictional disputes such as this. See Wisconsin Statutes, Ch. 822.

Code Ann. § 74-507 (a) provides that "[a] court of this State shall not exercise its jurisdiction under this Chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another State exercising jurisdiction substantially in conformity with this Chapter, unless the proceeding is stayed by the court of the other State because this State is a more appropriate forum or for other reasons."

We note at the outset that § 74-507 (a) is a mandatory and not a discretionary section. Under our facts it is clear that at the time of filing the child custody petition in Georgia, a proceeding concerning the custody of that child was pending in Wisconsin, and that proceeding had not been stayed. We must now determine whether the Wisconsin court was exercising jurisdiction substantially in conformity with Code Ann. Ch. 74-5. If it was, then the DeKalb Superior Court improperly exercised its jurisdiction under Code Ann. § 74-507 (A).

We find that the Wisconsin court was exercising jurisdiction substantially in conformity with the Uniform Child Custody Jurisdiction Act by meeting the jurisdictional prerequisites of Code Ann. § 74-504 (a) (2). In accordance with § 74-504 (a) (2), it is in the best interests of the child in this case that the courts of Wisconsin make the child custody determination. Wisconsin has significant connections with both the parents and the child. Wisconsin was the marital home of these parties, and it is the state where the child in question was born. Wisconsin is the state in which the parties' divorce was obtained and all earlier child custody determinations were made. In fact, but for the actions of Mrs. Steele in removing the child from Wisconsin, in violation of her divorce agreement made the judgment of the Wisconsin court, Wisconsin would most likely be the "home state" of the child as well. Wisconsin has access to all the information from its prior custody determinations, and under Wis. Stat. 767.32, the Wisconsin court retained continuing jurisdiction to change or modify its custody determinations under appropriate circumstances.

Wisconsin also is a state in which substantial evidence concerning the child's present or future care, protection, training, and personal relationships is available. This is not a situation in which the state of original residence will not have an opportunity to litigate the custody issue based on all the facts because one parent is unable to afford it. See Settle v. Settle, 276 Or. 759 (556 P2d 962) (1976). Here, Mrs. Steele was able to litigate the custody issue in Wisconsin, and she did. Because she was able to properly litigate this issue in Wisconsin, she could present any information to which the Georgia courts would also have access under our information sharing provisions. Code Ann. § 74-520—523. There is no evidence in the

record before us that the Wisconsin court was denied access to any relevant information in its custody determinations.[3]

Because a child custody proceeding in this case was properly pending in Wisconsin, it was improper for a Georgia court to exercise its jurisdiction. This promotes the purposes of our Act in Code Ann. § 74-502 by ensuring an orderly system for child custody determinations while protecting the best interest of the children before the court.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 27, 1982.

*Turem, Bedford & Kirschner, Andrew R. Kirschner,* for appellant.

*Alembik, Fine & Callner, Bruce W. Callner, Kathy L. Portnoy,* for appellee.

---

[3] It also appears that the real issues Mrs. Steele wants to argue in this case — the validity of Wis. Stat. § 946.71 (5), and the validity of the judgment of the Wisconsin court requiring her to return with the child to Wisconsin — are ones which must ultimately be decided by the Wisconsin courts.