### 74974. GORDON v. GORDON.
(363 SE2d 353)

BANKE, Presiding Judge.

This is a child custody dispute involving application of the Uniform Child Custody Jurisdiction Act (UCCJA), OCGA § 19-9-40 et seq.

The child was born to the parties in Atlanta, Georgia, on April 28, 1976. In September of 1978, the family moved to Athens, Ohio, where the parties were later divorced. By the terms of the Ohio divorce decree, which was entered by the Court of Common Pleas of Athens County, Ohio, on November 12, 1981, the appellee mother was

granted custody of the child, and the appellant father was granted certain specified visitation rights. In 1983, the father filed a motion in the Ohio court for a change in custody. That motion was denied by the Ohio court later that same year. While it was pending, the mother moved to Macon, Georgia, with the child, to begin attending Mercer University Law School. She and the child have lived in Georgia ever since.

In July of 1985, the father initiated a second change of custody proceeding in the Court of Common Pleas of Athens County, Ohio, based on the mother's alleged failure to pay her court-ordered share of visitation transportation expenses and on other conduct by her allegedly calculated to discourage the father from exercising his visitation rights. The Ohio court denied a motion by the mother seeking to dismiss this proceeding on jurisdictional grounds and, on August 28, 1986, awarded custody of the child to the father. The mother appealed this judgment to the Ohio Court of Appeals, obtaining a stay of its enforcement during the pendency of the appeal.

In December of 1986, while the Ohio appeal was pending, the mother filed the present action in the Superior Court of Muscogee County, Georgia, seeking initially merely to restrict the father's exercise of his visitation rights but later amending her complaint to seek the domestication of the original Ohio divorce decree and to obtain an upward modification of the father's child support obligations as set forth therein. The father challenged the superior court's jurisdiction to make any determination regarding child custody based on the pendency of the Ohio litigation, but the superior court nevertheless proceeded to the merits of the case without specifically addressing the jurisdictional issue. After hearing testimony from the child to the effect that the father had smoked marijuana in the child's presence during a recent visit by the child to the father's home and had lived during that visit in a state of meretricious cohabitation with a woman whom he has since married, the court, in January of 1987, entered an order granting the mother's request for domestication of the original Ohio decree. The effect of this ruling was, of course, to designate the mother as the legal custodian of the child.

Because the mother's requests for increased child support and for a restructuring of the father's visitation rights were left pending by this ruling, the court, on the father's motion, subsequently designated the domestication order as a final judgment pursuant to OCGA § 9-11-54 (b), making it subject to direct appeal. We thereupon granted the father's application for a discretionary appeal to this court. During the pendency of the present appeal, the Ohio Court of Appeals issued a decision affirming the decision of the Athens County Court of Common Pleas to grant custody of the child to the father. *Gordon v. Gordon*, __ Ohio App. 3d __ (Case 1334, decided 10/19/87). *Held:*

The Uniform Child Custody Jurisdiction Act, as enacted in Georgia, mandates that "[t]he courts of this state shall recognize and enforce an initial or modification decree which was made by a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this article or which was made under factual circumstances meeting the jurisdictional standards of this article, so long as the decree has not been modified in accordance with jurisdictional standards substantially similar to those of this article." OCGA § 19-9-53. The Act further provides that "[a] court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this article, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons." OCGA § 19-9-46 (a).

The decision of the Athens County Court of Common Pleas to accept jurisdiction over the father's second motion for a change in custody was based on application of the Ohio version of the Uniform Child Custody Jurisdiction Act, which is identical in all pertinent respects to ours. See Ohio Revised Code Ann. § 3109.21 et seq. Because the jurisdictional issue was fully litigated by the mother in the Ohio proceeding, it follows that the courts of this state are both constitutionally and statutorily required to afford full faith and credit to the Ohio change of custody decree. See *Gordon v. Gordon*, 237 Ga. 171 (1) 172 (227 SE2d 53) (1976); *Brenner v. Cavin*, 163 Ga. App. 694 (295 SE2d 135) (1982). The order of the Muscogee County Superior Court domesticating the original Ohio divorce decree is consequently vacated, and the case is remanded for the entry of a domestication order which gives full force and effect to the Ohio change of custody decree entered on August 28, 1986, and affirmed by the Ohio Court of Appeals on October 19, 1987.

In so ruling, however, we observe that it does not necessarily follow from the fact that the Ohio change of custody decree is entitled to full faith and credit that the courts of this state are without authority to modify it. Pursuant to the Georgia UCCJA, a court of this state may entertain an action to modify a custody decree issued by a court of another state where jurisdiction to make such a custody determination would otherwise exist and where "[i]t appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article." OCGA § 19-9-54 (a). In the event the jurisdictional threshold is crossed, modification may be ordered on the basis of the same type of showing which would authorize the modification of a prior custody decree issued in this state, i.e., that there has been a material change in conditions affecting the welfare of

the child since the entry of the prior decree. See generally *Bowen v. Bowen*, 223 Ga. 800 (1) (158 SE2d 233) (1967).

We make these observations because of the existence of certain disturbing factors in this case which suggest the possibility that the mother may have been the victim of some "home cooking" by the Ohio courts. Although Georgia had clearly become the "home state" of the mother and child within the contemplation of the UCCJA by the time the father filed his second motion for a change in custody, the Ohio court nevertheless agreed to entertain the motion, and thereby to host the father's third attempt in Ohio in four years to obtain custody of the child, based in large part on a determination (made pursuant to Ohio Revised Code Ann. § 3109.22, which is identical to OCGA § 19-9-43) that "substantial evidence concerning the child's . . . future care, protection, training, and personal relationships" was available in Ohio because that state would become the state of the child's residence in the event the father prevailed. Such "bootstrapping" would not appear to be consistent with the overall spirit and purpose of the UCCJA, which seeks to "assure that custody proceedings take place in the state with which the child and his family have the closest connections." *Graham v. Hajosy*, 159 Ga. App. 466, 467 (283 SE2d 683) (1981). See OCGA § 19-9-41 (a) (3). If Georgia was not that state in 1985, when the child had lived and attended school here for the previous two years, surely it is that state now.

*Judgment vacated and case remanded with direction. Carley and Benham, JJ., concur.*

DECIDED NOVEMBER 25, 1987.

*Robert L. Wadkins*, for appellant.
*Douglas L. Breault*, for appellee.