A89A2015. MERCER v. MERCER.
(392 SE2d 41)

McMURRAY, Presiding Judge.

Appellant Gary Mercer and appellee Betty Ruth Von Demfange, nee Mercer, were divorced in 1982. The divorce decree was entered in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida. Custody of the parties' two children was awarded to the father and mother jointly. Jurisdiction was retained, however, "for the possible entry of any future orders related to child support, custody and property."

Within a few months of the entry of the divorce decree, the mother took the children without permission to Douglas County, Georgia. When the father discovered the whereabouts of the children, he brought this action in the Superior Court of Douglas County, Georgia, seeking their custody on December 27, 1982. In so doing, he informed the Superior Court of Douglas County, Georgia, of the Florida joint custody decree. He also informed the superior court that no other custody proceedings pertaining to the children were pending. The mother filed an answer and counterclaim seeking custody of the children.

On December 28, 1982, the superior court awarded the father temporary visitation. The father took advantage of the visitation award and returned to Florida with the children. There, the father initiated a modification proceeding on January 11, 1983, to have himself declared the primary custodian of the children. The modification proceeding was filed with the same case number as the original Florida divorce action.

In the modification petition, the father informed the Florida court of the custody action pending in the Superior Court of Douglas County, Georgia. The father added that he deemed it best to have the custody action in Georgia dismissed. But that was not done until February 8, 1988.

The mother moved back to Florida in January 1983. Represented

by counsel, she participated in the Florida modification proceeding and on September 27, 1983, the Florida court awarded the father "primary residential custody" of the children. The mother was given visitation rights. It was ordered that neither party was to remove the children from the jurisdiction of the Florida court without the court's prior consent.

The mother remained in Florida until July 1988. At that time she took the youngest child (by this time the older child had reached majority) back to Douglas County, Georgia.

In the meantime, as noted above, the father dismissed his superior court complaint without prejudice. Furthermore, he filed a certified and exemplified copy of the Florida decree awarding him "primary residential custody" of the children in the office of the Clerk of the Superior Court of Douglas County, Georgia.

During the hearing in the Superior Court of Douglas County, Georgia, the father attempted to introduce in evidence the modified Florida decree awarding him "primary residential custody." The superior court would not permit the decree to be introduced in evidence.

Following the hearing, the superior court determined on January 30, 1989, inter alia, that the mother is fit to have custody of the youngest child and that it is in the best interest of the youngest child to change custody from the father to the mother. In so ruling, the superior court failed to give any consideration whatsoever to the effect of the Florida decree awarding "primary residential custody" of the children to the father.

We granted the father's application for a discretionary appeal. *Held*:

1. The superior court erred in failing to consider the effect of the Florida decree awarding the father "primary residential custody" of the children. See OCGA §§ 19-9-54; 19-9-55. See also *Youmans v. Youmans*, 247 Ga. 529, 532 (276 SE2d 837). Accordingly, the judgment of the superior court is reversed and the case is remanded with direction that the superior court consider the effect of the Florida decree awarding the father "primary residential custody" prior to the rendition of its ruling in the case sub judice. See generally *Tapley v. Veal*, 182 Ga. App. 880, 882 (357 SE2d 268).

2. We do not reach the remaining enumerations of error since the superior court made no ruling upon the effect of the Florida decree. See generally *Kipp v. Rawson*, 193 Ga. App. 532 (388 SE2d 409).

*Judgment reversed and case remanded with direction. Carley, C. J., concurs. Beasley, J., concurs specially.*

Beasley, Judge, concurring specially.

I concur, but it should be pointed out that the opinion in effect

requires the trial court which excludes consideration of the foreign decree to make an explicit ruling that the foreign court "does not now have jurisdiction . . . or has declined to assume jurisdiction," in the words of OCGA § 19-9-54 (a) (1). This is a "jurisdictional threshold." *Gordon v. Gordon*, 185 Ga. App. 100, 102 (363 SE2d 353) (1987); *Osgood v. Dent*, 167 Ga. App. 406, 408 (1) (306 SE2d 698) (1983). The Georgia court could not issue a new custody decree unless one of these two alternatives existed. If one did exist so that a court of this State could fashion new custody terms, the law does not mandate a consideration of the foreign decree. This is not an instance of simultaneous proceedings, which is governed by OCGA § 19-9-46.

Since the record does not clearly show why the trial court refused to admit into evidence the foreign decree, I agree that remand is imperative.

DECIDED MARCH 13, 1990.

*Dodson & Emerson, David T. Emerson*, for appellant.
*Custer, Hill & Clark, Lawrence B. Custer, Douglas A. Hill*, for appellee.