A92A0578. MULLE v. YOUNT.
(420 SE2d 776)

BEASLEY, Judge.

We granted the father's application for a discretionary appeal from an order granting the mother's petition for modification of visitation privileges. OCGA § 5-6-35 (a) (2).

Joint legal custody of their minor son was awarded in a final decree of divorce in Tennessee in May 1987. The mother received physical custody and the father, reasonable visitation privileges. Since November 1987, the mother and child have lived in Chatham County, Georgia. The father remains domiciled in Tennessee.

After the final decree, the Tennessee court entered a series of orders: modification of visitation on February 22, 1988; a consent order on May 13, 1988; denial of father's petition for change of custody and temporary restraining order and mother's counter-petition for contempt on June 2, 1988; modification of visitation and dismissal of mother's petition for contempt on December 13, 1988; denial of mother's petition to modify the method of transportation for visita-

tion on January 23, 1989; and, on February 13, 1990, modification of visitation, denial of father's petition for full custody, and adjudication of wilful contempt by the mother, ordering her to "tour" the jail facility. In its June 1988 order, the court expressly "retain[ed] jurisdiction for all other matters pertaining to contempt or any other matter pertaining to this child."

The present "petition for modification of custody and visitation" was filed by the mother on January 29, 1991, in Chatham County, seeking sole permanent custody of the child. The father responded with a motion to decline jurisdiction and to dismiss the complaint on the ground that the Tennessee court retained jurisdiction. The Georgia court denied the father's motion and assumed jurisdiction under OCGA § 19-9-43 (a) (1) and (2) of the Uniform Child Custody Jurisdiction Act (UCCJA) (OCGA § 19-9-40 et seq.), concluding that Georgia is the child's "home state" as defined by OCGA § 19-9-42 (5) since he has resided here with his mother since 1987. The court modified the Tennessee custody award pursuant to OCGA § 19-9-43 (a) (3), (b), solely with respect to the father's visitation privileges.

OCGA § 19-9-43 sets out circumstances under which a competent court of this state has jurisdiction to make a child custody determination by initial or modification decree. Jurisdiction is obtained under subsection (a) (1) (A) if Georgia "is the home state of the child at the time of commencement of the proceeding." "Home state" is defined in the UCCJA as "the state in which the child, immediately preceding the time involved, lived with . . . a parent, . . . for at least six consecutive months. . . ." OCGA § 19-9-42 (5). The trial court was authorized to conclude that Georgia had "home state" jurisdiction under OCGA §§ 19-9-43 (a) (1) (A) and 19-9-42 (5) to modify the Tennessee order. However, OCGA § 19-9-54 allows a Georgia court to modify another state's custody decree only when *two* prerequisites are satisfied. It recites: "(a) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless: (1) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article or has declined to assume jurisdiction to modify the decree; *and* (2) The court of this state has jurisdiction." (Emphasis supplied.)

Although the trial court made the requisite finding of jurisdiction under subsection (2), it failed to determine under subsection (1) that Tennessee does not now have jurisdiction or has declined to assume jurisdiction. It was without authority to modify custody unless this additional jurisdictional threshold was found to exist. *Gordon v. Gordon*, 185 Ga. App. 100 (363 SE2d 353) (1987); *Osgood v. Dent*, 167 Ga. App. 406, 408 (1) (306 SE2d 698) (1983). See also *Mercer v. Mercer*, 194 Ga. App. 846, 848 (392 SE2d 41) (1990).

Appellee argues that *Kemp v. Sharp*, 261 Ga. 600 (409 SE2d 204) (1991), is applicable. There it was determined that the Georgia court properly declined to consider a father's request for modification of visitation rights because the child and legal custodian were residents of Texas. The Court began the analysis under OCGA §§ 19-9-43 (a) (1) (A) and 19-9-42 (5), determining that Texas had "home state" jurisdiction. It then applied the policy of Georgia courts to " 'refuse to provide a forum for relitigating custody except where the legal custodian resides' [cit.]," id. at 601, and concluded that venue was proper in the foreign state. In the present case, both parents are legal custodians, residing in two different states. *Kemp* does not make unnecessary a determination under OCGA § 19-9-54 (a) (1).

The judgment of the trial court is accordingly vacated, and the case is remanded for findings under OCGA § 19-9-54 (a) (1). If the court determines that Tennessee is without jurisdiction or has declined to exercise jurisdiction, it may then entertain the petition for modification of custody as originally decreed.

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1992 —
RECONSIDERATION DENIED JULY 10, 1992 — 

*McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr., Clark & Clark, H. Sol Clark*, for appellant.
*George M. Hubbard III*, for appellee.

