## A93A1673. WILLIAMS v. GOSS.
(438 SE2d 670)

POPE, Chief Judge.

We granted this application for discretionary review to consider whether the Superior Court of Henry County, Georgia, properly exercised jurisdiction in this custody matter under the provisions of the Uniform Child Custody Jurisdiction Act ("UCCJA"), OCGA § 19-9-40 et seq.

The essential facts are not in dispute. The parties to this appeal were divorced on November 16, 1989, by a decree entered in the Superior Court of Henry County. Appellant/mother was granted custody of the parties' two minor children and appellee/father was granted specified visitation privileges. From the time of the divorce in November 1989 until the time of the present proceedings, the minor children resided with their mother in Tennessee.

On July 15, 1992, the mother filed a "Petition for Registration, Enrollment, Enforcement and Modification of Foreign Decree of Divorce" in the Chancery Court for Sumner County, Tennessee, seeking, inter alia, to modify the visitation privileges of the father. Appellant specifically requested in her petition that the court contact the Henry County Superior Court to confirm "relinquishment of jurisdiction by that court in conformance with the [UCCJA]." On July 29, 1992, the father filed his "Petition for Modification of Child Custody and Support," in Henry County, seeking, inter alia, custody of the parties' oldest child, who was then 14 years old, and modification of visitation privileges with the parties' younger son. Attached to the petition was the affidavit of the older child stating his desire to reside with his

father. At the time the father's petition was filed, both children were visiting with him in Georgia in accordance with the visitation provisions of the prior decree.

Also on July 29, 1992, the Henry County Superior Court issued an emergency order granting the father temporary custody of the older child. At the bottom of that order the court noted the following: "Court attaches a copy of the action in Tennessee which seeks to modify visitation [and] child support. Court finds preliminarily that [that action] does not constitute the same facts as contained in the petition pending in Henry Superior Court." On August 25, 1992, the Chancellor of the Sumner County Tennessee Chancery Court wrote a letter to the Georgia court stating that "priority in exercise of jurisdiction rests with your court. The Chancery Court for Sumner County, Tennessee may only exercise jurisdiction if declined by you and then that jurisdiction may be limited to issues of custody and visitation." On August 31, 1992, the mother filed a special appearance as well as a separate special appearance, answer and counterclaim in the Georgia action, contesting the Georgia court's jurisdiction to entertain the change of custody petition filed by the father. Following a hearing and the submission of briefs, the Georgia court entered an order on November 17, 1992, finding that it did have jurisdiction to decide the father's modification petition under both the UCCJA and Parental Kidnapping Prevention Act (PKPA), 28 USCA § 1738A. The court subsequently entered a final order granting custody of the older child to the father and modifying visitation as to the younger child.

The pivotal question in this case is whether Georgia, the state where the original custody decree was issued, or Tennessee, the "home state" of the minor children, has jurisdiction to decide the issues relating to the modification of custody and visitation in this case. Georgia courts have, in general, evinced a preference in favor of the home state of the child in custody determinations. See *Kemp v. Sharp*, 261 Ga. 600, 601 (2) (409 SE2d 204) (1991). On the other hand, the appellate courts of this state also have recognized that in appropriate cases the state which made the initial custody determination may be the appropriate forum in which to relitigate subsequent custody matters even though that state is no longer the home state of the minor children. See *Steele v. Steele*, 250 Ga. 101 (296 SE2d 570) (1982); *Mulle v. Yount*, 204 Ga. App. 876 (420 SE2d 776) (1992); *Gordon v. Gordon*, 185 Ga. App. 100 (363 SE2d 353) (1987); *Osgood v. Dent*, 167 Ga. App. 406 (306 SE2d 698) (1983). Indeed, OCGA § 19-9-54 prohibits the courts of this state from modifying a custody decree made by another state unless it appears that such state does not have jurisdiction, or has declined to assume jurisdiction, to modify the decree. This is referred to as "continuing jurisdiction" under the PKPA.

See USCA § 1738A (d). However, under both the UCCJA and PKPA, a state must have jurisdiction under its own laws before it can modify a decree previously entered in that state.

Whether a court of this state has jurisdiction in an interstate custody matter is determined under the provisions of the UCCJA, which "determines jurisdiction based on factual circumstances promoting the child's best interests and stability." *Gouse v. Wilson*, 207 Ga. App. 574, 576 (428 SE2d 571) (1993). "OCGA § 19-9-43 (a) . . . (UCCJA § 3) establishes the four bases for jurisdiction of child custody proceedings, *whether initially or by modification*: (1) the state is or has been within six months the child's 'home state,' as defined by the Act; (2) the child and at least one custody contestant have a significant connection with the state; (3) the child is physically present *and* has been abandoned or is in need of emergency protection from actual or threatened abuse or neglect; or (4) no other state has or accepts jurisdiction, *and* it is in the child's best interest for this state's courts to take jurisdiction." (Emphasis supplied; and in original.) *Osgood v. Dent*, 167 Ga. App. at 407. The parties agree that Tennessee is the home state of the minor child under subsection (a) (1) (A). It is likewise clear from the record that subsection 3 is inapplicable in this case.

The father argues, and the trial court found, that the Georgia court had "significant connection" jurisdiction under OCGA § 19-9-43 (a) (2). This section provides that jurisdiction is proper when "[i]t is in the best interest of the child that a court of this state assume jurisdiction because: (A) The child and his parents or the child and at least one contestant have a significant connection with this state; and (B) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships." In reaching the conclusion that it had jurisdiction under that section, the trial court reasoned that because the oldest child had indicated his preference to reside with his father pursuant to OCGA § 19-9-1 (a), the focus of the issues to be resolved by the court in deciding the father's modification petition would be on the father's fitness as a parent, and since the father resides in Georgia, such information would be more "readily available" in this state. However, we do not think the fact that the child has indicated a preference to reside with a parent of a certain state, although authorized to do so under the laws of that state, alone creates a significant connection between the child and the state where that parent resides so as to confer jurisdiction on the courts of that state under the UCCJA. "Such 'bootstrapping' would not appear to be consistent with the overall spirit and purpose of the UCCJA, which seeks to 'assure that custody proceedings take place in the state with which the child and his family have the closest connections.' [Cits.]" *Gordon v. Gordon,*

185 Ga. App. at 103. Thus, the child did not have a significant connection with Georgia despite his choice, and the trial court's finding otherwise was thus erroneous.

The trial court also found, and the father argues on appeal, that the Georgia court also had jurisdiction in this case under OCGA § 19-9-43 (a) (4) (A) because the Tennessee court had declined to exercise its jurisdiction over this matter. As to this issue we find persuasive, and therefore adopt, the reasoning of the Supreme Court of North Dakota in rejecting this same contention under a similar provision of the laws of that state. "Subject-matter jurisdiction is derived from the constitution and the laws, [cit.], and cannot be conferred by agreement, consent or waiver. [Cits.] The PKPA and the UCCJA specifically set forth the jurisdictional requirements to modify a custody determination, and neither confers jurisdiction by stipulation, agreement or consent of the parties or the court.[1] [Cits.] Therefore, we conclude that [Georgia] did not have jurisdiction to modify the custody determination because of . . . the [Tennessee] court's consent to [Georgia's] jurisdiction in this case." *Long v. Long*, 439 NW2d 523, 525 (N.D. 1989). Accord *Douse v. Douse*, 157 Ga. App. 524, 525 (277 SE2d 807) (1981).

Moreover, and lastly, "[w]e must observe that the Supreme Court in *Yearta v. Scroggins*, 245 Ga. 831, 832 (268 SE2d 151) [(1980)] makes it plain, even if the [UCCJA] does not, that our courts 'will continue to refuse to provide a forum for relitigating custody except where the legal custodian resides.' This is an incisive statement of the public policy of this state. There being no grounds under the [UCCJA] by which this expressed rule might be extenuated to give a Georgia court jurisdiction in this case, the trial court [erred in assuming jurisdiction under the facts of this case]." *Douse v. Douse*, 157 Ga. App. at 526. See also *Kemp v. Sharp*, 261 Ga. at 601 (2).

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 1, 1993.

*Lynch & Powell, Ralph E. Merck*, for appellant.
*Smith, Welch & Studdard, Benjamin W. Studdard III*, for appellee.

---

[1] For a Georgia case so holding, see *Gouse v. Wilson*, 207 Ga. App. at 574.