### A93A1712. MULLE v. YOUNT.
(440 SE2d 210)

COOPER, Judge.

This is the second appearance of this child custody dispute. See *Mulle v. Yount,* 204 Ga. App. 876 (420 SE2d 776) (1992). Once again, the interpretation of the Uniform Child Custody Jurisdiction Act (UCCJA), OCGA § 19-9-41 et seq., is presented. While living in Tennessee, the parties were married in 1985 and divorced in 1987. The May 1987 final Tennessee decree awarded the parties joint legal custody of their minor child, with appellee-mother having primary physical custody and appellant-father having reasonable visitation rights. In November 1987, appellee remarried and moved with the child from Tennessee to Savannah, Georgia, where they have since resided continuously. Appellant remains a resident of Tennessee. The custody and visitation provisions of the Tennessee decree have been the subject of much litigation in Tennessee, most recently in 1990. In 1991, appellee initiated the instant action in the Superior Court of Chatham County, Georgia, seeking sole permanent custody and further seeking a modification of the terms of appellant's visitation. Appellant answered and moved to dismiss, pursuant to the provisions of the UCCJA, claiming that jurisdiction was proper in Tennessee. Based upon a determination that Georgia was now the home state of the child, the superior court exercised jurisdiction and entered an order modifying appellant's visitation. However, on appeal this court vacated that order and remanded with direction that the superior court determine, as a jurisdictional prerequisite, whether Tennessee retained jurisdiction under the UCCJA or if Tennessee declined to exercise any jurisdiction in deference to the court of the child's home state. *Mulle v. Yount,* supra. The superior court subsequently found that Tennessee no longer had jurisdiction over custody matters pertaining to this child and entered an order modifying some of the terms of appellant's visitation with the child and requiring him to pay one half of the costs of lunches and registration for the child's private school, but denying appellee's request for sole custody. The parties were further directed to abide by all other terms of the May 1987 decree issued by the Tennessee court. Appellant's application for discretionary appeal was granted by this court, and a timely notice of appeal was filed.

1. The exercise of custody jurisdiction by the Georgia superior court is enumerated as error. Appellant contends that Tennessee has continuing jurisdiction because it is the most convenient forum for

determining whether any change in custody or visitation was warranted.

As a general rule, the superior courts of this state have jurisdiction under the UCCJA to make a child custody determination by initial or modification decree if Georgia is the "home state" of the child at the time of the commencement of the proceeding. OCGA §§ 19-9-43 (a) (1) (A); 19-9-42 (5). However, the courts of this state shall recognize and enforce an initial or modification custody decree which was made by a court of another state which had assumed custody jurisdiction under statutory provisions substantially in accordance with the UCCJA. OCGA § 19-9-53. Accordingly, "if a court of *another state* has made a custody decree, a court of this state *shall not modify* that decree *unless* it appears to the court of this state that the court which rendered the decree [either] does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with [the UCCJA] or has declined to assume jurisdiction to modify the decree *and* the court of this state has jurisdiction." (Punctuation omitted and emphasis supplied.) OCGA § 19-9-54 (a). Both the absence of jurisdiction (or abstention) by the decree state and the presence of jurisdiction in this state must exist before a court of this state is authorized to modify the child custody decree of another state. *Mulle v. Yount,* supra at 877. These determinations are issues of fact and are subject to review under the "clearly erroneous" standard. See *Fortson v. Fortson,* 152 Ga. App. 326 (3) (262 SE2d 599) (1979).

Tennessee has adopted the UCCJA, which, in the absence of proof to the contrary, we assume is the same as the Georgia law. *Craighead v. Davis,* 162 Ga. App. 145 (2) (290 SE2d 358) (1982). "The jurisdictional standards of the UCCJA are set [forth at OCGA § 19-9-43 (a)]. In essence, [OCGA § 19-9-43] (a) establishes 'home state' jurisdiction, 'significant connection' jurisdiction, 'emergency' jurisdiction, and 'appropriate forum' jurisdiction." *Youmans v. Youmans,* 247 Ga. 529, 532 (276 SE2d 837) (1981). Appellant does not enumerate as error the determination by the Georgia superior court that Tennessee no longer has jurisdiction pursuant to OCGA § 19-9-43 (a) but urges that even if Tennessee no longer meets the requirements for one of these four jurisdictional bases, OCGA § 19-9-47 nevertheless authorizes the Tennessee court to retain custody jurisdiction and consequently, the Georgia superior court had no authority to modify the Tennessee custody decree.

This contention is without merit. OCGA § 19-9-47 is not a separate grant of jurisdiction over interstate child custody proceedings, but establishes a discretionary abstention doctrine. See *Morris v. Mosley,* 246 Ga. 749 (272 SE2d 705) (1980). Compare *Steele v. Steele,* 250 Ga. 101 (296 SE2d 570) (1982) (OCGA § 19-9-46, regarding a prior pending UCCJA custody proceeding, is a mandatory jurisdic-

tional bar). Pursuant to the provisions of OCGA § 19-9-47, a court with custody jurisdiction as provided by OCGA § 19-9-43 (a) is nevertheless authorized to stay its own proceedings or transfer the case upon a determination that the court of another state, which also has a jurisdictional basis substantially as provided by OCGA § 19-9-43 (a), would be a more appropriate forum, after consideration of the factors enumerated at OCGA § 19-9-47 (c). Although OCGA § 19-9-43 (a) (4) (A) might otherwise authorize the Tennessee court to entertain custody jurisdiction on the ground that Tennessee "is the more appropriate forum," that Code section presupposes that "no other state would have jurisdiction under prerequisites substantially in accordance with" those factors conferring "home state," "significant connection," or "emergency" jurisdiction. As the child has resided in Savannah, Georgia with his custodial parent since 1987, the Superior Court of Chatham County, Georgia was authorized to exercise "home state" custody jurisdiction. OCGA § 19-9-43 (a) (1). Accordingly, there is in this case no "appropriate forum" jurisdiction conferred upon the Tennessee court such as would preclude the Georgia superior court from exercising jurisdiction to modify the custody decree of another state as authorized by OCGA § 19-9-54. The exercise of custody jurisdiction by the Superior Court of Chatham County, Georgia to modify the May 1987 custody decree of the Tennessee court was not clearly erroneous.

2. Appellant enumerates as error the final order modifying his visitation rights, on the ground that he was deprived of an opportunity to present evidence and cross-examine witnesses. The final order of December 23, 1992 refers to the court's prior order of September 18, 1991. The September 1991 order recites that the court met with counsel for both parties prior to a scheduled hearing and informed them of its intention to modify visitation on its own motion. Thereafter, the superior court adopted as its own decree the May 1987 Tennessee decree as modified by the Tennessee court in June 1988, subject to specific changes in the terms of visitation. The superior court then modified appellant's visitation rights by changing the locus of the point of exchange from the Atlanta airport to the Savannah airport and requiring appellant to bear the costs of the child's transportation. By adopting the decree of the Tennessee court, the superior court merely gave effect to the Tennessee decree awarding appellant joint legal custody and visitation. Although the superior court altered the logistical specifics of appellant's visitation, the right to a separate evidentiary hearing on this issue was waived by appellant's counsel prior to issuance of the order. One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing, unless it plainly appears that his consent was obtained by fraud or mistake. *Don v. Don*, 162 Ga. 240 (1) (133 SE 242) (1926); *Rush v.*

*Southern Property Mgmt.*, 121 Ga. App. 360, 361 (2a) (173 SE2d 744) (1970).

3. The purported upward modification of appellant's child support obligations without a claim therefore in the complaint, without a hearing, and without evidence is enumerated as error. In this regard, appellant objects to the provision in the final order of the superior court directing appellant to pay one half of the costs for the child's tuition, lunches, and registration in a private school in Savannah. As noted above, the superior court adopted the Tennessee decree as its own before undertaking to modify visitation. Appellant had previously agreed to be responsible for one-half of the costs of private school tuition for the child, and this agreement was incorporated into the Tennessee decree. Contrary to appellant's contentions, we do not find this provision to be an unauthorized increase in appellant's child support obligations; rather it is an explication of the expenses appellant had previously been ordered to pay.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur in judgment only.*

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993 — ▮▮▮▮▮▮

*McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr., Clark & Clark, H. Sol Clark*, for appellant.

*Dennis, Peter & Helmreich, Bryan K. Webb, George M. Hubbard III*, for appellee.