## A02A1911. PARKE v. FANT.
(578 SE2d 896)

RUFFIN, Presiding Judge.

Anne Parke and Joseph Fant divorced in Georgia, and Parke was awarded custody of the couple's two children. After Parke moved to New Orleans, Louisiana, Fant petitioned a Georgia court to obtain custody of the children. Parke moved to dismiss the petition, arguing that under the Uniform Child Custody Jurisdiction Act (UCCJA), the trial court lacked jurisdiction.[1] The trial court denied the motion to dismiss, and we granted Parke's application for discretionary appeal. For reasons that follow, we affirm.

1. The undisputed facts show that Parke and Fant divorced in 1993. Pursuant to the divorce settlement agreement, Parke had primary physical custody of the children. On August 3, 2000, Parke moved to New Orleans. At that time, the children were staying with Fant as part of their summer visitation provided for in the divorce settlement agreement. On August 8, 2000, the children joined their mother in New Orleans.

Fant subsequently filed a petition in Georgia for a change in custody on Monday, February 5, 2001. Parke moved to dismiss the petition, arguing that the Georgia court lacked jurisdiction over the chil-

---

[33] See *Mitchell v. State*, 250 Ga. App. 292, 296 (2) (b) (551 SE2d 404) (2001).

[34] Supra.

[1] The UCCJA has been superseded by the Uniform Child Custody Jurisdiction and Enforcement Act that became effective July 1, 2001. Pursuant to OCGA § 19-9-102, we apply the former UCCJA, which was the law in effect at the time the petition was filed.

dren. Under former OCGA § 19-9-43 (a) (1) (B), Georgia courts retain jurisdiction to make child custody determinations if Georgia

> [h]ad been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of [her] removal or retention by a person claiming [her] custody . . . and a parent . . . continues to live in this state.

According to Parke, the children were deemed to have moved on August 3, 2000 — when she relocated to Louisiana with the children's belongings. Thus, Parke reasons, Georgia retained jurisdiction until February 3, 2001. Although the trial court agreed with the mother's reasoning, it nonetheless concluded that Fant's petition was timely filed within the period during which Georgia retained jurisdiction. Because February 3, 2001, fell on a Saturday, the trial court applied OCGA § 1-3-1 (d) (3), which provides, inter alia, that

> [e]xcept as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty.

Therefore, the trial court determined that Fant had until February 5, 2001, in which to file the petition, and it denied Parke's motion to dismiss.

On appeal, Parke asserts that the trial court "erred in calculating that [Fant's] Complaint for Change of Custody was timely filed pursuant to the" UCCJA. Specifically, she contends that the trial court improperly applied OCGA § 1-3-1 (d). In support of her contention, Parke cites *U. S. Filter Distrib. Group v. Barnett*,[2] in which this Court concluded that the trial court erred in applying OCGA § 1-3-1 (d) to permit the filing of a materialman's lien beyond the three-month time limitation for the filing of such lien. We find this case inapposite.

It is well established that when a statute is in derogation of the

---

[2] 241 Ga. App. 759-761 (1) (526 SE2d 912) (1999), aff'd, 273 Ga. 254 (538 SE2d 739) (2000).

common law, we strictly construe the statute.[3] As the materialman's lien statute at issue in *Barnett* is in derogation of the common law, we declined to apply the exception contained in OCGA § 1-3-1 (d) to extend the time for filing the lien.

The same rationale does not apply here. Rather than construing the UCCJA strictly, we construe it "liberally so as to carry out the remedial aspects of the law."[4] One of the remedial aspects is assuring "that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection."[5] Inevitably, this is a fact-sensitive inquiry, and we are not persuaded that an overly technical application of the time limitation contained in OCGA § 19-9-43 would promote this end.[6] Accordingly, we find no prohibition against the trial court's application of OCGA § 1-3-1 (d) in this case.

Moreover, we disagree with the mother's contention that the children are deemed to have moved with her on August 3, 2000. The children remained in Georgia until August 8, 2000. Thus, they did not begin forming ties in Louisiana before this date. As the purpose of the UCCJA is to ensure that litigation occurs in the state in which a child has the closest connections, we will not engage in the legal fiction of making the children's moving date the same as Parke's simply because she retained permanent physical custody. Indeed, to do so might produce anomalous results. For example, if the children remained with their father for several months, would we nonetheless calculate the six months from the date Parke moved? Again, determining which state retains jurisdiction is a fact-sensitive inquiry.[7] Engaging in legal fiction, like requiring a strict, technical reading of the UCCJA, short-cuts the necessary inquiry and does not promote the general purposes of the statute.[8]

2. In a separate enumeration of error, Parke contends that the trial court erred in failing to find that Louisiana is the state with which the children have the closest connection and which should serve as their home state under the UCCJA. The determination of jurisdiction under the UCCJA is a factual inquiry, which we review

---

[3] See 273 Ga. at 254; *Bd. of Trustees &c. of Atlanta v. Alexander*, 181 Ga. App. 360, 361 (352 SE2d 228) (1986); *May v. May*, 180 Ga. App. 581, 582 (349 SE2d 766) (1986).

[4] *Graham v. Hajosy*, 159 Ga. App. 466, 467 (283 SE2d 683) (1981).

[5] Former OCGA § 19-9-41 (a) (3) (1999).

[6] See *Williams v. Goss*, 211 Ga. App. 195, 197 (438 SE2d 670) (1993) ("Whether a court of this state has jurisdiction in an interstate custody matter is determined under the provisions of the UCCJA, which 'determines jurisdiction based on factual circumstances promoting the child's best interests and stability.' ").

[7] See id.

[8] See former OCGA § 19-9-41 (b) (1999) (UCCJA "shall be construed to promote the general purposes stated in" the statute).

under a "clearly erroneous" standard.[9] Prior to ruling on the jurisdictional issue, the trial court conducted a hearing to address whether Georgia should serve as the children's home state. However, the transcript from this hearing was not included in the appellate record. Under these circumstances, "we must assume that the evidence supported the . . . court's assertion of jurisdiction."[10] As we do not presume error from a silent record, we affirm.[11]

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED MARCH 6, 2003.

*Weinstock & Scavo, Michael Weinstock, Elizabeth M. Jaffe,* for appellant.

*Bogart & Bogart, Jeffrey B. Bogart, Susan A. Hurst, David J. Turner, Jr.,* for appellee.

---

[9] See *Mulle v. Yount*, 211 Ga. App. 584, 585 (1) (440 SE2d 210) (1993) (physical precedent only); *Fortson v. Fortson*, 152 Ga. App. 326, 327 (3) (262 SE2d 599) (1979).

[10] *In re Ray*, 248 Ga. App. 45, 46 (1) (545 SE2d 617) (2001).

